## NEWMAN *v.* WESTCOTT and another.

*(Circuit Court, N. D. Iowa, W. D.* October Term, 1886.)

1. EQUITY—REMEDY AT LAW—LEGAL TITLE—ACTUAL POSSESSION—EJECTMENT.
     Where a person holding the legal title to realty desires to assert that title, and to dispossess another party, the latter being in actual possession, there exists an adequate legal remedy for the wrong, and the action must be at law.

2. SAME—REAL ESTATE—ANNUAL VALUE—TAXES ON—ACCOUNTING.
     Where a person has been dispossessed of land, the question of the amount of its annual value, and of the amount of taxes paid on it, can be settled in an action at law, and no necessity exists for going into a court of equity for an accounting of the same.

3. SAME—DEMURRER—LEGAL TITLE—EJECTMENT—DISMISSAL.
     Where a bill is brought to decide conflicting titles, and to remove clouds from the legal title claimed by complainant, and it appears from the bill that complainant holds the legal title, and is seeking to obtain possession of the realty, the proceeding, in substance, is in the nature of ejectment, and the court, as a court of equity, having no jurisdiction thereof, will sustain a demurrer filed by the defendant, and dismiss the bill.

In Equity. Bill to recover certain real estate, and to have declared void certain tax deeds, etc. Dismissed on demurrer filed by defendants. The facts are stated in the opinion.

*Rickel & Bull,* for complainant.

*Gatch, Connor & Weaver,* for defendants.

SHIRAS, J. In the bill filed herein complainant avers that he is the owner, and seized of the fee-simple title of certain real estate situated in Sioux county, Iowa, and is entitled to the possession thereof; that the defendants claim some interest therein adverse to complainant, basing such claim upon certain tax deeds executed in 1872; that the defendant Westcott is in the actual possession of the property; that the tax deeds under which defendants claim are wholly void for various reasons set forth in the bill; that the defendant Westcott has received the rents and profits of the land for the last three years, the same being of the value of $450; that complainant is ready and willing to pay all legal taxes that may have been paid upon said premises by the defendants or their grantors, upon their paying and accounting to him for the rents and profits; and complainant prays that the title to the realty, and the right to possession thereof, be decreed to complainant; that the clouds created by the tax deeds be removed; that an accounting be had between complainant and defendants of the taxes paid, and rents and profits received, and judgment be rendered for the balance thereof. To this bill the defendant Lindsey answers, averring that he has now no interest in said realty, having sold and conveyed said premises by warranty deed to his co-defendant on the thirteenth day of June, 1884. The defendant Westcott demurs to the bill on the ground that the facts

averred in the bill do not constitute a cause cognizable in a court of equity, there being a plain, speedy, and adequate remedy at law.

In the case of *Whitehead* v. *Entwhistle,* 27 Fed. Rep. 778, this court had occasion to review the authorities upon this subject, and it is not necessary to do more than to refer to that case, and the authorities therein cited, upon the general questions presented by the demurrer.

It is too well settled to need argument, or a citation of authorities, that, in the courts of the United States, a bill in equity cannot be maintained if there exists a plain, speedy, and adequate remedy at law applicable to the facts of the particular case, and that where a person holding the legal title to realty desires to assert that title, and to dispossess another party, the latter being in actual possession, the action must be at law.

It it urged, however, on behalf of complainant, that in this cause a court of equity has jurisdiction, because an accounting of the rents and profits, and of the taxes paid, is prayed. In the action at law damages are recoverable, and the measure would ordinarily be the annual value of the land. There is nothing in the averments of the bill which shows that the legal right to recover damages is not a wholly adequate remedy. The question of the amount of the annual value of the land, and the amount of taxes paid by the defendants, can be easily settled in the action at law; and that, being so, no necessity exists for going into a court of equity for an accounting.

It is further urged that this suit is in the nature of a bill to redeem the land from whatever legal taxes may exist against it; being brought under provisions of section 893 of the Code of Iowa, which enacts that "Any person entitled to redeem lands sold for taxes after delivery of the deed shall redeem the same by an equitable action in a court of record," etc. This section is part of the chapter of the Code providing for the collection of taxes, and provides a method of redeeming lands sold for taxes, after the execution of the tax deed, by any parties who, under such circumstances, may be entitled to redeem. An examination of the bill filed in this cause shows that it is not based upon this section. It is a bill to quiet title, and it avers, not that by reason of some fact stated the complainant is entitled to redeem the lands from the tax sales, but that the pretended tax deeds are wholly void for fraud; that the taxes were never levied; and that, when it is claimed the same were levied, the county was unorganized and uninhabited. The prayer is,—not to be allowed to redeem, but that the clouds caused by the alleged fraudulent tax deeds be wholly removed, and that complainant be decreed to be the owner and entitled to the possession of the land. The mere fact that in such a bill the complainant offers to pay any and all taxes legally assessed upon the lands does not change the character of the bill, and make the proceeding merely a proceeding to redeem. It remains a bill brought to decide adverse titles, and to remove clouds from the

legal title claimed by complainant; and as it appears from the bill that complainant holds the legal title, and is seeking to obtain possession of the realty, relying solely upon such legal title, it follows that, in substance, the proceeding is in the nature of ejectment; and, the law affording a speedy and adequate remedy, the court, as a court of equity, has not jurisdiction.

Demurrer must therefore be sustained.