No. 15,330.

## THE BOARD OF COMMISSIONERS OF GIBSON COUNTY *v.* TICHENOR.

PRACTICE.—*Appeal to Supreme Court.—Sufficiency of Complaint, How Tested.*
—Where the sufficiency of a complaint is questioned for the first time
by an assignment of error in the Supreme Court, such assignment must
be predicated upon the complaint as an entirety, and not upon the sep-
arate paragraphs thereof.

COUNTY COMMISSIONERS.—*Action Against.*—A suit can not be maintained
against a board of county commissioners until it has been given an op-
portunity to act.

SAME.—*Refusal to Act.—Right of Action Against.*—While no action will lie
against the board of county commissioners until an opportunity is
given it to act, still. after·a refusal to act an action may be maintained
against it.

SAME.—*County Treasurer.—Suit by to Recover for Erroneous Payments.—Sec-
tion 6510, R. S. 1881, Construed.*—Section 6510 relates to county revenue
only.    In an action against a board of commissioners to collect money
erroneously paid into the county treasury it was held error to render
judgment against the county for any other funds except such as went
into the county treasury as county revenue.    The county can not be
held liable for money erroneously paid in for the use of the State, town-
ship or corporations.

The Board of Commissioners of Gibson County *v.* Tichenor.

JURISDICTION.—*Circuit Court.—Complaint Need not Show.*—As the circuit court is a court of general jurisdiction, its authority to proceed in a cause need not affirmatively appear by the complaint.

From the Gibson Circuit Court.

*A. P. Twineham* and *W. D. Robinson,* for appellant.

*S. H. Kidd* and *J. W. De Priest,* for appellee.

COFFEY, C. J.—Section 5811, R. S. 1881, which went into force on the 31st day of March, 1879, among other things, provides that when it shall be made to appear, to the satisfaction of the board of commissioners of any county of this State, that, by reason of any erroneous charges on the tax duplicate, or through inadvertence, mistake or any other cause, any county, township or school officer has paid over to such commissioners more money than was justly or equitably due or owing from such officer, such board is authorized to order the repayment of such money, out of the proper funds, in their proportion, and credit to be given by the auditor therefor.

Sections 6510 and 6511, R. S. 1881, are as follows : " 6510. Whenever it shall appear to the board doing county business in any of the counties of this State, by clear and sufficient proof, that, by reason of erroneous charges in the tax duplicate, or from any other cause, the treasurer of such county has paid and accounted to such board for more money than was justly due from him on account of county revenue, said board doing county business shall direct the auditor to credit said treasurer with the sum or sums thus improperly paid, and order the same to be refunded from the county treasury. 6511. Whenever similar improper or erroneous payments have been made by any county treasurer to the State treasurer, the board doing county business shall direct the auditor to certify said improper or erroneous payments to the auditor of State, under his seal of office, who shall audit and allow the same as a claim against the State treasurer, and said treasurer shall pay the same out of any moneys

not otherwise appropriated." These sections went into force on the 29th day of March, 1881.

Under these several statutory provisions the appellee, who was the treasurer of Gibson county from the 8th day of September, 1883, to the 7th day of September, 1887, instituted this suit, in the Gibson Circuit Court, alleging in his complaint that during his term of office he paid over, through mistake and inadvertence, and on account of erroneous charges on the tax duplicate, the sum of $1,441.35 of his individual funds to which the county was not entitled.

The cause was tried by the court, which, at the request of the parties, made a special finding of the facts, and stated its conclusions of law thereon. It appears from the special finding of facts, among other things, that the appellee, during his term of office erroneously paid out $1,441.35 more than was justly due from him. This sum included the following funds: State fund, $327.65; county tax, $343.77; interest on court-house bonds, $59.09; special road tax, $80.57; road tax, $96.68; township tax, $98.48; township tuition, $163.83; special school tax, $189.79; corporation tax, $42.08; library tax, $6.27; school-house bond tax, $33.12.

The court stated as its conclusions of law:

*First.* That as to the money paid to the State treasurer the appellee was not entitled to recover in this action.

*Second.* That as to the balance of the money so erroneously paid by the appellee, he was entitled to recover the same from Gibson county,—and rendered judgment accordingly.

The errors assigned are:

"*First.* That neither paragraph of the complaint states facts sufficient to constitute a cause of action.

"*Second.* That the court had no jurisdiction of the subject-matter of the action.

"*Third.* That the court erred in its second conclusion of law upon the facts specially found."

The appellee assigns as cross-error that the court erred in its first conclusion of law upon the facts found.

The first assignment of error presents no question for our consideration.

Where the sufficiency of a complaint is questioned for the first time by an assignment of error in this court, it is settled that such assignment must be predicated upon the complaint as an entirety, and not upon the separate paragraphs thereof. *Ludlow* v. *Ludlow*, 109 Ind. 199; *Louisville, etc., R. W. Co.* v. *Peck*, 99 Ind. 68.

It does not affirmatively appear by the complaint in this cause that the court did not have jurisdiction of the subject-matter of this action. Assuming, as contended by the appellant, that no action would lie against the board of commissioners until an opportunity had been afforded it to act, still, after a refusal to act, we think an action might be maintained against it. As the circuit court is a court of general jurisdiction, its authority to proceed in a cause need not affirmatively appear by the complaint. *Chapell* v. *Shuee*, 117 Ind. 481; *Bass Foundry, etc., Works* v. *Board, etc.*, 115 Ind. 234.

The third assignment of error calls in question the construction of the several statutory provisions above set out. It is contended by the appellant that no action will lie against the board of commissioners under these statutes until such board has had an opportunity to pass upon the rights of the complaining party and to correct the mistake, if one is found to exist. That such was the intention of the Legislature would seem to be perfectly plain. Section 6510 clearly contemplates a trial before the board of commissioners, for it is therein expressly provided that the order to repay the money erroneously paid shall be refunded only upon " clear and sufficient proof."

As the order to refund is to be made by that body, the proof, of course, is to be made before it, in order that it may determine the propriety of making the order.

Of course, we do not mean to be understood as holding that, when clear and sufficient proof is made, the board may refuse to make the order and thus end the claim; for these statutes, we think, confer upon the party making such erroneous payment a legal demand against the county; and, where the board wrongfully refuses to allow such claim, a right of action exists to recover it. But the statute does contemplate that the board of commissioners shall have an opportunity to pass upon the demand, and unless this statute is modified by some other statutory provision, this action can not be maintained, provided it appears in the record before us that no such opportunity was afforded. We know of no statute modifying the one under consideration in the matter suggested; indeed, it is held by this court that the circuit court, under existing statutes, does not possess jurisdiction to try and determine claims against the several counties of the State until the boards of commissioners have had an opportunity to pass upon such claims. But it is further held that the facts conferring such jurisdiction need not be alleged in the complaint. *Bass Foundry, etc., Works* v. *Board, etc., supra.*

It does not appear by the record before us whether this claim was, or was not, presented to the board of commissioners of Gibson county before the commencement of this suit. If it was not so presented, that was a matter of defence, which was not interposed in this case. As it was not necessary to allege the jurisdictional facts in the complaint, it was not necessary to the appellee's recovery that the court should make any finding upon that subject.

Finally, it is contended by the appellant that the court erred in rendering judgment against the county for the funds which did not go into the county treasury as county revenue. This contention, we think, must be sustained. Section 6510 relates to county revenue only. We think it was the intention of the Legislature that the county should not profit by the mistakes of its officers, by which it received into its

treasury money to which it was not entitled; but there is nothing in the act from which it can be inferred that it was the legislative intent that the county should reimburse the treasurer for money paid to the State, or to the town-ships, or to corporations. In such funds the county has no interest, and to require it to reimburse the treasurer for such funds would render it necessary to tax the people of the county generally, on account of funds used in some particular township or municipal corporation for purely local purposes. This would be unjust, and to justify us in holding that the Legislature intended such an injustice the language of the statute should be such as to leave no reasonable doubt.

The court erred in including in its judgment money paid over to the township trustees in various townships in Gibson county.

The court did not err in its first conclusion of law. Section 6511 expressly provides that the treasurer shall be reimbursed out of the State treasury, and not out of the county treasury.

It is true it devolves upon the board of commissioners to make the proper finding and order, but this is not a proceeding seeking a finding and order of the kind required, but is an action to recover a money judgment. The law does not contemplate a money judgment against the county for money erroneously paid into the State treasury.

Judgment reversed, with directions to render judgment on the special finding of facts in favor of the appellee for the amount of county revenue erroneously paid into the county treasury, and for no more.

Filed Nov. 19, 1891.