(6 App. Div. 127)
## PATTERSON v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. June 16, 1896.)

**1. MUNICIPAL CORPORATIONS—ACTION AGAINST—PRESENTATION OF CLAIM.**
Brooklyn City Charter (Laws 1888, c. 583) tit. 22, § 30, as amended by Laws 1894, c. 568, which provides that no action shall be brought against the city unless a statement of the claim, duly verified, was presented to the comptroller, requires an affidavit of verification to be attached to the statement when presented to the comptroller.

**2. SAME—SUBSTANTIAL REQUIREMENT.**
Such requirement is substantial, and an action cannot be maintained unless it is complied with.

Appeal from trial term, Kings county.

Action by James Patterson, as administrator of Thomas Patterson, his deceased son (an infant of the age of six years at the date of his death), against the city of Brooklyn, to recover damages for the death of intestate. From a judgment entered on a verdict

in favor of plaintiff for $2,500 damages and $236.49 costs and disbursements, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Joseph A. Burr, for appellant.
Adelbert E. Carroll, for respondent.

BROWN, P. J. We are of the opinion that the appellant's exception to the denial of the motion to dismiss the complaint was well taken, on the ground that the respondent had failed to present to the comptroller of the city such a statement of his claim as is required by section 30, tit. 22, of the charter (Laws 1894, c. 568). That section requires that the statement of the claim presented to the comptroller shall be duly verified, and provides that "compliance with all of the provisions of the section shall be an absolute prerequisite to the institution or maintenance of any action against the city of Brooklyn and shall be pleaded in the complaint." The statement presented to the comptroller by the respondent was signed by his attorney, but was not sworn to. We are of the opinion that the statute requires the statement to be sworn to, and that an affidavit of verification must be attached to it when presented to the comptroller. It is true that the comptroller is given power to examine the claimant, and that by so doing he may verify the claim; but the term "verified," as applied to pleadings and statements of this character, has a settled meaning in our statutory law, and it refers to an affidavit attached to the statement, as to the truth of the matters therein set forth. That the legislature, in requiring that the claim be "duly verified," did not refer to a verification thereof by an examination of the complainant by the comptroller, is clear from the plain language of the law,—that "no action shall be prosecuted against the city until thirty days after the statement shall have been presented to the comptroller specifying in detail and duly verified"; that is, that the statement, when presented to the comptroller, shall be verified. Unless such a verified statement is presented, there is a statutory bar against the prosecution of the action.

The provision of the statute which requires this statement to be verified is a substantial one, and cannot be set aside or disregarded by the courts. Municipal liability is a subject wholly within the control of the legislature. That body may refuse a right of action against municipal corporations, and it can impose any condition precedent to the maintenance of actions against such corporations which it chooses. Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Mertz v. City of Brooklyn, 11 N. Y. Supp. 778; Id., 128 N. Y. 617, 28 N. E. 253; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80; Simons v. City of Brooklyn (Sup.; officially unreported) 36 N. Y. Supp. 1133. The case before us is within the rule applied in the cases cited, and no distinction exists between those cases where the question was presented on a demurrer to a de-

fective complaint, and those where it is presented upon the trial of an issue of fact.

The judgment and order must be reversed, and a new trial granted, with costs to abide the event. All concur.