Decided 3 December, 1900.

## WHEELER v. MCFERRON.

[62 Pac. 1015.]

RIGHT TO USE TESTIMONY GIVEN ON FORMER TRIAL.

1.  Evidence that a witness a few months prior to the trial left for Alaska with the intention of staying two years, and that plaintiff had received a letter from him dated in Alaska, was sufficient proof of his nonresidence to admit the introduction of his testimony given on a former trial, under Hill's Ann. Laws, § 706, Subd. 8.

PLEADING — PRESUMPTION AFTER VERDICT.

2.  Where defendant, in answer to a complaint for the wrongful conversion of a building, alleged that the property was owned by B, and was seized by the sheriff as B's property under a writ of attachment, plaintiff's motion for a judgment notwithstanding a verdict for defendant on the ground that the answer was insufficient in not alleging that B was in possession of the property was properly denied, since, as possession ordinarily follows ownership, B's possession will be presumed after verdict.

From Linn:  GEO H. BURNETT, Judge.

Action by A. Wheeler, assignee of the Blaker-Graham Company, against J. A. McFerron to recover damages for an alleged wrongful conversion of a certain building.  The complaint, after averring that the Blaker-Graham Company was, and now is, a corporation, with its principal place of business in Portland, alleges that "on or about the eleventh day of September, 1895," it was the owner and in possession of a certain building in the town of Shedds, Linn County, of the value of $700, used for storing hay, and known as "Blaker-Graham Co.'s Warehouse"; that "on or about the eleventh day of September, 1895, the defendant herein wrongfully and unlawfully seized and took into his possession and converted to his own use" such warehouse, and has ever since wholly deprived the Blaker-Graham Company and the plaintiff of its use and possession; that, on September 26, 1895, the Blaker-Graham Company, for the benefit of its

creditors, made a general assignment of all its property to
the plaintiff, who, on the eighth day of October, 1895, de-
manded of defendant the possession of the warehouse, but
was refused.    The answer denies that "on or about the
eleventh day of September, 1895," the Blaker-Graham Com-
pany was the owner or in possession of the warehouse, and
that "on the eleventh day of September, 1895," the defend-
ant wrongfully or unlawfully seized or took possession there-
of.    It also, after denying upon information and belief the
other material allegations of the complaint, for a separate
defense, and by way of justification, avers that the defendant
was at all the times mentioned the sheriff of Linn County;
that the warehouse is the property of one A. Blaker; that,
on the —— day of ————, 1895, one A. C. Olin commenced
an action in the circuit court of Multnomah County against
Blaker, to recover the sum of $1,249 and interest; that there-
after a writ of attachment was regularly issued, and deliv-
ered to the defendant, as sheriff of Linn County, who, on
the —— day of ————, 1895, in pursuance thereof, attached
the warehouse as the personal property of Blaker, and has
since held and now holds the same under and by virtue of
such writ, and not otherwise.    The material allegations of
the answer were put in issue by a reply.    Upon the trial the
plaintiff, to sustain the issues on his part, offered in evi-
dence the testimony of A. Blaker given on a former trial of
this cause, but it was refused by the court on the ground
that there was not sufficient proof of Blaker's absence from
the state.    A verdict was rendered in favor of the defendant,
notwithstanding which the plaintiff moved for judgment in
his favor for the reason that the facts stated in the answer do
not constitute a defense.    This motion was overruled, and a
judgment rendered in favor of the defendant, from which
the plaintiff appeals.                            REVERSED.

For appellant there was a brief over the names of *H. C. Watson* and *Hewitt & Sox,* with an oral argument by *Mr. Henry H. Hewitt.*

For respondent there was a brief over the name of *Weatherford & Wyatt,* with an oral argument by *Mr. Jas. K. Weatherford.*

MR. CHIEF JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1.   Whatever may be the rule elsewhere, in this state evidence may be given in a civil case of the testimony of a witness deceased or out of the state, given on a former trial between the same parties, relating to the same matter : Hill's Ann. Laws Or., § 706, Subd. 8. If, therefore, Blaker was out of the state at the time of the trial, the plaintiff was entitled to give in evidence his former testimony. Preliminary to the offer of this evidence, testimony was given showing, in substance, that he formerly resided in Portland; that some six or seven months prior to the trial he disposed of his home and all his property in Oregon, and, accompanied by his family, sailed upon a steamer for Alaska, to remain, as he said, two years; that some time in July, 1898, the plaintiff addressed a letter to him at Dawson City, and in due time received an answer dated at that place; that he had not returned to Oregon, and was not in the state at the time of the trial, to the knowledge of his brother-in-law, or his former business associate, E. R. McFarland, and, as they believed, he was still in Dawson City. It thus appears that he left the state a few months before the trial, with the intention of going to Alaska to remain at least two years, and was afterwards heard of at Dawson City. This was a sufficient showing, in our opinion, to make his testimony given on the former trial competent. His nonresidence in the state is quite clearly established, and it will be presumed to continue

until the contrary is made to appear, within the familiar rule that, when a fact in its nature continuous is once proved to exist, it will be presumed to continue, in the absence of proof to the contrary: Hill's Ann. Laws, § 776, Subd. 33; 1 Jones, Ev. § 52; *Daniels* v. *Hamilton,* 52 Ala. 105; *Nixon* v. *Palmer,* 10 Barb. 175; *Rixford* v. *Miller,* 49 Vt. 319.

2.  The motion for judgment notwithstanding the verdict is based upon the contention that the answer of the defendant does not aver facts sufficient to constitute a defense to the plaintiff's complaint. The argument is that the denial of the allegation in the complaint that the Blaker-Graham Company was the owner and in possession of the warehouse is a negative pregnant, and is insufficient to present any issue on that question, and, as the seizure by the defendant is admitted, that it must be assumed that the property was taken by the sheriff from the possession of the Blaker-Graham Company, and not from the defendant in the writ of attachment. From these premises it is insisted that the answer is insufficient, because it does not allege an indebtedness due from Blaker to the plaintiff in the action in which the writ was issued. But, after verdict, the answer ought not to be construed to admit that the property was taken from the possession of a stranger to the writ. It is true, the denial of the allegation that the Blaker-Graham Company was, on about the eleventh of September, 1895, the owner and in possession of the property is incomplete, and, perhaps, insufficient to present an issue upon that question; but there is no express averment that the defendant took the property from the possession of the company, and, as a taking any time about the eleventh of September would satisfy the allegation, it cannot, after verdict, be inferred from the mere form of the denial of the taking that the property was taken from its possession. The question comes, then, to the sufficiency of the new matter set up in the answer. It is there alleged that the property was seized by the sheriff under a writ of attach-

ment issued in an action against Blaker as his property, and that at the time he was the owner thereof; and, while it does not allege that he was in possession, yet, as possession ordinarily follows title, it ought, we think, to be so assumed after verdict. We conclude, therefore, that the motion for judgment notwithstanding the verdict was properly denied, and, as the cause must be reversed, and a new trial ordered for error in refusing to admit the testimony formerly given by Blaker, any defect in the pleadings can, no doubt, be cured by amendment before another trial.        REVERSED.

Decided 3 December, 1900.