Argued 16 April; decided 3 May, 1902.

## PHILOMATH *v.* INGLE.

[68 Pac. 803.]

TENDER AS AN ADMISSION OF LIABILITY—PLEADING.

1. The fact that a party or his attorney admits in court a liability to defendant, or makes a tender of a definite sum, is not sufficient to justify a judgment for plaintiff, unless the pleadings show a cause of action—a judgment must rest finally on the pleadings.

AIDER OF DEFECTIVE COMPLAINT BY VERDICT.

2. A verdict will aid an informal statement of facts in a pleading, but cannot supply an omitted material averment going to the gist of the action.

ACTION AGAINST A CITY—NEED OF HAVING CLAIM AUDITED.

3. Where the statute provides that claims against a city must be presented for audit, such a presentation is absolutely necessary before an action can be maintained on the claim—and a complaint in an action against a city for goods sold which fails to allege that plaintiff presented his account to the city recorder to be audited, as required, is fatally defective, even after verdict.

From Benton:    JAMES W. HAMILTON, Judge.

This is a proceeding by writ of review. It appears from the transcript that J. W. Ingle, having commenced an action against the City of Philomath in the justice's court of District No. 9, Benton County, Oregon, alleged in his complaint that said city was a municipal corporation; that E. A. Nichols and R. F. Holm, partners as Nichols & Holm, having, at its request, sold and delivered to it certain goods, of the reasonable value of $1.75, thereafter made an assignment for the benefit of their creditors, and the assignee sold the account to him; that he was the owner thereof; and that it was wholly unpaid. An answer having put in issue the material allegations of the complaint, a trial was had, resulting in a judgment in favor of the plaintiff in the action. A writ of review having been issued by the circuit court for said county, the judgment was annulled and the cause remanded, whereupon the attorney for the city tendered to the justice's court the sum of $1.75, with interest, the justice's fees for issuing the summons, taking affidavits, and making the necessary docket entries, which being refused, he deposited with that court the sum of $20, out of which said account interest and fees were to be paid, together with the costs and disbursements accruing since the receipt of the mandate, which sum was left as a tender to Ingle. The cause being again tried in the justice's court, judgment was rendered against the city for the sum of $1.75 and costs and disbursements, taxed at $109.70, to review which this proceeding was instituted. The petition for the writ of review sets forth, *inter alia*, as error, that the complaint does not state facts sufficient to constitute a cause of action. The writ having been returned, and a trial had, resulting in its dismissal, the city appeals to this court.        REVERSED.

For appellant there was a brief over the names of *E. L. Bryan,* and *Weatherford & Wyatt,* with an oral argument by *Mr. Bryan,* and *Mr. J. R. Wyatt.*

For respondent there was a brief over the names of *W. S. McFadden* and *E. E. Wilson,* with an oral argument by *Mr. Wilson.*

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

It is contended by appellant's counsel that the complaint, not having alleged that Ingle presented his account to the recorder of the City of Philomath to be audited, did not state facts sufficient to constitute a cause of action, and that, this being so, the court erred in dismissing the writ of review, and in not annulling the judgment of the justice's court. It is maintained by respondent's counsel, however, that the averment so omitted was not material, and, no demurrer to the complaint having been interposed, the judgment of the justice's court cured the informal statement; besides, the appellant, having tendered the sum demanded in the complaint, thereby admitted its liability, and hence no error was committed in dismissing the writ.

1. The city failed to allege in its answer that before the action was commenced it tendered to Ingle any sum in full payment of his demand, or that it then brought said sum into court, as required by statute, to avoid the payment of further costs and expenses: Hill's Ann. Laws, § 561. Its deposit of the sum of $20 in the justice's court for Ingle may have been an admission of its liability, but, if so, it was a matter of evidence only, and not tantamount to the statement of facts in a pleading necessary to constitute a cause of action. If at the trial in the justice's court the attorney for the city had admitted that his client was indebted to Ingle in the sum of $1.75, such acknowledgment would undoubtedly have been sufficient to establish the claim, so far as evidence thereof was required; but it would not support a judgment therefor unless the facts stated in the complaint were sufficient for that purpose, and a tender into court of a sum of money for the adverse party can have no greater effect.

2. The question to be considered, therefore, is whether the failure to allege that Ingle presented his account to the recorder of the City of Philomath to be audited is the omission of a material averment, for, if it was essential to the maintenance of an action, the complaint will not support the judg-

ment; the rule being that a verdict aids an informal statement of facts in a pleading, but will never supply a material averment that goes to the gist of the action: *Nicolai* v. *Krimbel*, 29 Or. 76 (43 Pac. 865); *Booth* v. *Moody*, 30 Or. 222 (46 Pac. 884); *Hargett* v. *Beardsley*, 33 Or. 301 (54 Pac. 203); *Savage* v. *Savage*, 36 Or. 268 (59 Pac. 461); *Chan Sing* v. *Portland*, 37 Or. 68 (60 Pac. 718); *Wheeler* v. *McFerron*, 38 Or. 105 (62 Pac. 1015).

3. A defective statement which a verdict will aid is well illustrated by the averment in the complaint to the effect that Nichols & Holm, at the request of the city, sold and delivered to it certain goods, etc. This would be an informal method of alleging that the solicitation which induced the sale and delivery was evidenced by an ordinance, if such allegation were necessary (*Beers* v. *Dalles City*, 16 Or. 334, 18 Pac. 835; *Ward* v. *Town of Forest Grove*, 20 Or. 355, 25 Pac. 1020), to comply with section 153 of the charter, which declares that the City of Philomath is not bound by any contract, or in any way liable thereon, unless the same is authorized by city ordinance (Laws, 1899, p. 284). The charter authorizes the council of the city "to appropriate money to pay the debts, liabilities and expenditures from any fund applicable thereto": Laws, 1899, p. 294, § 63. It also contains the following provisions: "All demands and accounts against the City of Philomath shall be presented to the recorder, with the necessary evidence in support thereof, and he shall audit the same and report them to the council with all convenient speed, together with any suggestion or explanation which he may deem proper and pertinent. The recorder shall draw warrants on the treasurer for all demands or accounts ordered paid by the council; provided, money has been appropriated for that purpose, and not otherwise": Laws, 1899, p. 296, § 80. "No money shall be drawn from the treasury except upon the order of the common council": Laws, 1899, p. 314, § 155. The complaint, the sufficiency of which is challenged in this proceeding, contains no intimation whatever that the Ingle account was presented to the recorder, as required by section 80 of the charter. The

legislative assembly, considering the fact that the officers of a municipality could not well seek its creditors for the purpose of paying its indebtedness, and that the only mode of securing money from the treasury on account of such demands was by warrant issued upon audited claims, undoubtedly intended, by incorporating section 80 into the charter, to impose upon the creditors of the city the duty of seeking the recorder, and presenting to him their claims arising out of the ordinary expenses of the city (*Sheridan* v. *Salem,* 14 Or. 328, 12 Pac. 925), to be audited, before instituting actions thereon.    In *Stackpole* v. *School District,* 9 Or. 508, under a statute authorizing school directors "to audit all claims against the school district, and to draw orders on the clerk for the same" (General Laws of Oregon, as compiled by Deady and Lane, Misc. Laws, Chap. IV, Title 4, § 37, subd. 6, on p. 510,) it was held that a claim against the school district should be presented to the board of school directors before the commencement of an action to recover the sum demanded, and that a complaint omitting such averment was insufficient to support a judgment rendered thereon.    The editors of the American and English Encyclopaedia of Law (20 Am. & Eng. Ency. Law, 2 ed., p. 1231), in speaking of notice and presentation of claims for damages, say: "In the absence of statute or charter provision requiring it, it is not necessary, as a prerequisite to suit against a municipal corporation, that the claim or demand should have been presented for payment, or notice of injury or intent to sue given."    Section 80 of the charter of Philomath does not in express terms make the presentation to the recorder of claims or demands against the city a condition precedent to the maintenance of an action thereon, but the rule is well settled that, "where the presentation of a claim or the filing of a notice is required, such notice or presentation of claim is a condition precedent to the right to maintain an action against a municipal corporation, and must be averred by the plaintiff": 14 Ency. Pl. & Pr. 235.    It was necessary for Ingle to present his account to the recorder for audit, in order to entitle him to payment from the city, and it was also essen-

tial, and a condition precedent to the right to maintain his action, that he should have alleged in the complaint the facts necessary to a recovery; but, having failed to do so, the court erred in dismissing the writ of review. The judgment of the circuit court will therefore be reversed, and the cause remanded, with directions to reverse the judgment of the justice's court.                                        REVERSED.