Argued 9 April, decided 28 May, 1907.

**MacDONALD v. LANE.**

90 Pac. 181.

Limits of Power of City—Creation of Office.

1. A municipal charter is a grant of power and the municipality has only those powers expressly or incidentally conferred, and therefore cannot create an office not provided for by the granting instrument.

Municipalities—Right of Council to Create and Fill Position of Janitor of Municipal Court—Civil Service.

2. The position of janitor, bailiff and assistant clerk of the municipal court created by ordinance is not an office and its incumbent is not an officer within the meaning of Section 306 of the Portland charter of 1903, but is a place in the subordinate administrative service of the city, and its incumbent must attain it through the regulations of the civil service.

Power of Mayor to Appoint Employees.

3. Under Section 155, Portland charter of 1903, providing that the mayor shall appoint all officers of the city whose election or appointment is not expressly provided for by law or in the charter, he cannot appoint mere employees, as their positions are under the civil service, nor any officers except those whose appointment shall not be otherwise provided for when the appointment shall be made.

Right to Salary From City.

4. Under Sections 309, 314 and 319, Portland charter of 1903, one claiming a salary from the city must show either that he was appointed under the civil service rules or that the place he is occupying has not been classified under the civil service rules, and he is occupying it temporarily by appointment, or that he was appointed under an emergency.

From Multnomah: Calvin U. Gantenbein, Judge.

Statement by Mr. Justice Eakin.

Judgment was rendered upon a demurrer to the writ of mandamus, and defendant appeals. A writ of mandamus was issued to the defendant, Harry Lane, as Mayor of the City of Portland, reciting that Ordinance No. 15,328 was on May 2, 1906, duly enacted by the common council of that city and in force and effect, in the following language, viz.:

"An ordinance providing for the appointment of a bailiff and janitor of the municipal court.

The City of Portland does ordain as follows:

Section 1. That there shall be appointed by the council a person who shall have the general supervision of the municipal court room as a janitor, and shall also attend the said court and act as bailiff thereof at each of its sessions, and shall also act as assistant clerk of said court, and be subject to the orders of the court.

Sec. 2. That the salary of said person shall be $80 per month.

Sec. 3. That James MacDonald is hereby appointed to said office during the pleasure of the council.

Passed the council April 11, 1906."

The writ then recites that thereafter, on May 3, 1906, the said Jas. MacDonald entered upon his duties, as specified in said ordinance, and has ever since continued to fulfill and perform all and several the acts and things required by such ordinance, and that thereafter, on June 18, 1906, his salary for the month of May, $74.67, was duly certified by the city auditor, and a warrant issued by said auditor upon the city treasurer therefor and duly presented to the defendant, as mayor, for his signature, but he refused to sign it, and is required by the writ to sign the same, or show cause why he has not done so; and upon the overruling of the demurrer the defendant declined to plead further, and judgment was entered requiring him as mayor to sign the said warrant.                                                  Reversed.

For appellant there was a brief over the names of *Thomas C. Greene* and *Richard W. Montague,* with an oral argument by *Mr. Montague.*

For respondent there was a brief and an oral argument by *Mr. John Francis Logan.*

Opinion by Mr. Justice Eakin.

The only question raised by the appeal is the authority of the city council to appoint plaintiff to the place created by the ordinance, defendant claiming that by the terms of Section 306 of the charter the appointment must be made under the civil service rules of the charter and not by the arbitrary appointment of the council. That section is in the following language:

"Sec. 306. All appointments to and promotions in the subordinate administrative service of the city shall be made solely according to fitness, which shall be ascertained by open competitive examination, and merit and fidelity in service, as provided for in this article. The provisions of this article shall apply to the incumbents of all offices, places and employments in the public service of the city, except the following: All officers chosen by popular election or by appointment by the council, the members of all boards and commissions, the judges and clerks of election, the deputies of the city attorney, the chief deputy of the city treasurer, the city engineer, the chief of police department, the superintendent and the chief engineer of the water department, and the secretary of the civil service commission, the mayor's secretary, the members of the health department, and the librarian."

1. Plaintiff claims that this appointment is saved to the council in the exception of "officers chosen * * by appointment by the council." If this were an office which the council had authority to create by the ordinance, then, possibly, it might come within such exception, but the city council has no power to create an office not provided for in the charter. The charter is a grant of power, and the municipality possesses only those properties which the charter confers upon it, either expressly or as incidental to the execution of its powers: *City of Corvallis* v. *Carlile,* 10 Or. 139 (45 Am. Rep. 134) ; *Beers* v. *Dalles City* 16 Or. 334 (18 Pac. 835).

2. The ordinance makes provision for a place or employment for clerical and other aid in connection with the municipal court, which it has authority to do, but the place is not an office, and the appointment of a person to such place is not within the exception of Section 306. This section is definite as to the offices and employments that shall be subject to the civil service, viz., "all offices, places and employments in the public service of the city," except certain offices and employments especially named, and the only exception in favor of appointments by the council is of "Officers chosen * * by appointment of the council." The charter is very complete in making provision for the administration of the affairs of the city government. It is divided into 13 or 14 departments, and in each case names the appointing

power for the subordinate service, and the council cannot usurp that power and make the appointments. But the employment created by this ordinance is not provided for by the charter. It must be authorized by the council before such an appointment can be made, and, if it is one within any of the executive departments of the city government, as established by the charter, in which the appointing power is already provided, then the council cannot exercise it; but, if such appointment is not within the purview of such provisions, the council may provide for it.

3. This does no violence to Section 155 of the charter, which provides:

"The mayor shall appoint all officers of the city whose election or appointment is not otherwise expressly provided for in this charter, or by law."

This section is not intended to place all appointing power in the mayor, but to cover cases of officers not otherwise provided for, and its language does not have exclusive reference to conditions at the date of the charter, but will include subsequent amendments of it, or subsequent laws applicable thereto. In other words, the section refers to conditions as they may exist at the time of the appointment. Further, this section authorizes the mayor to appoint "all officers," and does not include employees that are not officers. But, when the place is created and is one within the "subordinate administrative service" made subject to the civil service law, as provided by Section 306, then it falls within its scope and policy. In *People ex rel. v. Roberts,* 148 N. Y. 360 (42 N. E. 1082: 31 L. R. A. 399), it is held that the civil service law "constitutes a general system in terms applicable to the whole service. It is not limited to any particular department, but is broad enough to embrace all. Statutes of this character, framed in general terms, apply to new cases as they arise from time to time that fall within their general scope and policy. Since the enactment of the civil service laws, new offices have been created, to which the power to appoint subordinates attached, but it cannot be doubted that this power,

when given, came within the operation of all general regulations on the subject." And the employment provided for by this ordinance is within the subordinate administrative service mentioned in Section 306 and subject to the civil service regulations.

4. Although the council may determine the appointing power, the appointment must be made under the civil service law, as provided in Article 9, c. 4, of the charter. The provisions of the charter relating to this matter are:

"Sec. 309. The commission shall classify, with reference to the examinations hereinafter provided for, all the offices, places and employments in the public service of the city to which the provisions of this article are applicable. Such classification shall be based upon the respective functions of said offices, places and employments, and the compensation attached thereto, and shall be arranged so as to permit the grading of offices, places and employments of like character in groups and subdivisions. The offices, places and employments so classified shall constitute the classified civil service of the city; and after the taking effect of this charter, no appointment or promotion to any such office, place or position shall be made, except in the manner provided in this article."

"Sec. 314. In the absence and pending the preparation of an appropriate eligible list from which appointments can be made, or, in extraordinary emergencies, to prevent delay or injury to the public business, any office, place or employment in the classified civil service may be filled temporarily by the appointing authority, but not for a longer period than thirty days."

"Sec. 319. No officer or employee of the city shall draw, sign, countersign or issue any warrant or order for the payment of, or pay any salary or compensation to, any person in the classified civil service who is not certified by the commission to the auditor as having been appointed or employed in pursuance of this article, and of the regulations in force thereunder."

Thus it appears from Section 309 that Section 306 can only be made operative as to such subordinate offices, places and employments of the city as have been classified by the civil service commission constituting the "classified civil service," and provision has been made for the examination of applicants thereunder. Under the quotation from Section 319 above, one who seeks the auditing and payment of his claim for compensation

for service rendered in an employment included in the classified civil service must be certified by the commission to the auditor as having been appointed in pursuance of such civil service law, and by the terms of that provision neither the mayor nor any other officer of the city can issue or sign a warrant for payment of compensation to any one in the classified civil service without being so certified. In *People ex rel.* v. *Roberts*, 148 N. Y. 360 (31 L. R. A. 399 : 42 N. E. 1082), the relator was appointed to a clerkship which was included in the classification of offices and employments under a civil service law similar in that particular to this charter, but not from the list of eligible candidates upon the civil service register. He brought mandamus to require the comptroller to audit his claim for salary. The question of his right to the office was raised, and it was held that, when it appears that the position has been classified by the commission in pursuance of the civil service act, he is not entitled to mandamus against the comptroller in the absence of a certificate from the commission that he has been duly appointed under the civil service act. The employment provided for by this ordinance, although not included in the charter, is in the subordinate administrative service, and comes within the operation of all general regulations of the civil service law, and the appointment to such place must be made thereunder. To entitle plaintiff to a warrant for his salary, the burden is on him to show that he was appointed pursuant to the civil service requirements, or that the place had not been classified by the commission under Section 309, and that his appointment was made under the emergency of Section 314, but, in the absence of such a showing, the mayor cannot be deemed in default for refusing to sign his warrant. Therefore the alternative writ is insufficient to entitle him to the relief sought, and the demurrer should have been sustained.

The judgment is reversed and remanded to the lower court with directions to sustain the demurrer, and for such further proceedings as may be deemed proper not inconsistent with this opinion.                                           Reversed.