Argued February 4, decided March 3, rehearing denied March 31, 1908.

## RICHARDSON v. CITY OF SALEM.

[94 Pac. 34.]

MUNICIPAL CORPORATIONS — ACTIONS — CONDITIONS PRECEDENT — PRESENTATION OF CLAIMS — ITEMIZING AND VERIFICATION — PLEADING.
Under the charter of the city of Salem, Section 18 (Laws 1899, p. 932) providing that no claim against the city shall be paid until it has first been itemized and verified by affidavit of claimant, etc., the itemizing and verification of a claim presented against the city are conditions precedent to the city's liability, and a complaint not alleging that the claim was itemized and verified when presented, was defective on demurrer.

From Marion: GEORGE H. BURNETT, Judge.

Action by S. T. Richardson against the city of Salem, in justice's court, to recover $50 for services rendered the city at its special instance and request, in checking over the books of the city treasurer, from January, 1899, to January, 1904. The defendant demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, which was sustained by the court, and judgment was thereupon rendered in favor of the defendant. Plaintiff appealed to the circuit court, where the demurrer was again sustained, and from the judgment there rendered in favor of defendant, plaintiff brings this appeal.

AFFIRMED.

For appellant there was a brief over the name of *Mr. Claire M. Inman,* with an oral argument by *Mr. Inman* and *Mr. S. T. Richardson.*

For respondent there was a brief over the name of *Mr. Alva O. Condit,* with an oral argument by *Mr. Walter E. Keys,* City Attorney.

MR. JUSTICE EAKIN delivered the opinion of the court.

Plaintiff brought this action in the justice's court against the defendant to recover $50 as the reasonable compensation for services rendered to the city at its special instance and request, in examining and checking over that part of the new books of the city treasurer of the defendant from January, 1899, to January, 1904, and in preparing the report thereon. It alleges that he prepared his claim for said sum of $50 in writing, and duly presented it to defendant, and that the common council of the defendant examined, passed upon, and disallowed it upon the sole ground that said claim had been paid. The defendant demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, which was sustained by the court, and a judgment was rendered thereon in favor of the defendant. Plaintiff appealed to the circuit court, and that court sustained the demurrer, and gave judgment for the defendant. Plaintiff brings the cause here by appeal.

Two points are raised by defendant: (1) That the complaint does not allege that the claim was itemized and verified when presented to the city; (2) that it is not disclosed by the complaint that, at the time of the presentation of the claim, there were funds in the treasury available for the payment thereof. Section 13 of the Salem charter of 1899 (Laws 1899, p. 932) provides:

"That no claim against the city shall be paid until it is first itemized and verified by the affidavit of claimant, his agent or attorney, and audited and allowed by the council, and then only upon a warrant drawn upon the treasurer by the recorder, countersigned by the mayor."

It is admitted by counsel for plaintiff that is was necessary for him to present his claim to the city, which he did, but without verification. He insists that the

itemizing or verification are not conditions precedent to the bringing of the action thereon, and are matters of defense, and, therefore, may be waived, which he claims was done in this case. If setting out the items of the account and verifying the same were only for the advice and guidance of the auditing officer, possibly he might waive them, as was held in *Griswold* v. *City*, 116 Mich. 401 (74 N. W. 663), and in *Kennedy* v. *Mayor*, 34 App. Div. 311: 54 N. Y. Supp. 261, but the language of the Salem charter is imperative: "No claim against the city shall be paid until it is first itemized and verified." These conditions are embodied in the charter for the protection of the taxpayers, as well as to provide notice and information to the auditing body; and the complaint must allege such facts as disclose that the city is in default. In *Philomath* v. *Ingle,* 41 Or. 289, 293 (68 Pac. 803, 804), Mr. Justice MOORE says:

"The rule is well settled that, 'where the presentation of a claim or the filing of a notice is required, such notice or presentation of claim is a condition precedent to the right to maintain an action against a municipal corporation, and must be averred by the plaintiff': 14 Enc. Pl. & Pr. 235. It was necessary for Ingle to present his account to the recorder for audit, in order to entitle him to payment from the city, and it was also essential, and a condition precedent to the right to maintain his action, that he should have alleged in the complaint the facts necessary to a recovery."

See, also, *Stackpole* v. *School Dist.* 9 Or. 508; *Pardey* v. *Mechanicsville,* 101 Iowa, 266 (70 N. W. 189) ; *Coleman* v. *Fargo,* 8 N. D. 69 (76 N. W. 1051). Where the statute prescribes the form and manner of presentation, it must be followed: *Patterson* v. *City,* 6 App. Div. 127: 40 N. Y. Supp. 581; *Reining* v. *Buffalo,* 102 N. Y. 308 (6 N. E. 792).

Section 13 of the charter quoted above, not only prescribes the manner of the presentation of the claim to the auditing body, but prohibits payment thereof until

these requirements are complied with. · They constitute an inhibition, not only upon the auditing body, but also upon the recorder and mayor in issuing the warrant. *MacDonald* v. *Lane,* 49 Or. 530 (90 Pac. 181), is quite in point on this question. Thus it will be seen that the city is not in default until the conditions of Section 13 are fulfilled; and no right of action exists until the city is in default: *Reining* v. *Buffalo,* 102 N. Y. 308 (6 N. E. 792) ; *Patterson* v. *City,* 6 App. Div. 127 : 40 N.·Y. Supp. 581; *Curry* v. *Buffalo,* 135 N. Y. 366 (32 N. E. 80). In the latter .case, the court say that the legislature seems to have been solicitous to protect cities against the improvident or collusive allowance of such ·claims by municipal officers.

The complaint is insufficient in not disclosing a compliance with the requirements of this section of the charter, and it is unnecessary to consider the other point relied upon.

The judgment of the lower court is affirmed.

AFFIRMED.