### FRANK v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. February 8, 1912.)

1. MUNICIPAL CORPORATIONS (§ 741*)—PRESENTATION OF VERIFIED CLAIMS—CONDITION PRECEDENT TO ACTION.

The filing with the comptroller of the city of New York of a verified claim for injuries to a horse, caused by the negligence of the city, is, under Greater New York Charter (Laws 1901, c. 466) § 261, a condition precedent to the right to sue for the injury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562; Dec. Dig. § 741.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 741*)—PRESENTATION OF VERIFIED CLAIMS—
WAIVER.
  That plaintiff, after serving a defective claim on the city of New York
  for injury to a horse, caused by negligence of the city, was examined as
  to the circumstances of the accident, and that the claim was not re-
  turned, did not establish a waiver of the right of the city to object to
  the defective claim.
  [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
  741.*]

3. MUNICIPAL CORPORATIONS (§ 741*)—PRESENTATION OF CLAIMS—"VERIFIED
STATEMENT."
  The words "verified statement," in Greater New York Charter (Laws
  1901, c. 466) § 261, providing that a verified statement of claim shall be
  filed with the comptroller, relate to the statement which a claimant must
  file, showing in detail the property alleged to have been damaged or
  destroyed and the manner thereof, and do not refer to a verification of
  a claim on an examination conducted by the comptroller as authorized
  by section 149.
  [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
  741.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth Dis-
trict.

Action by Moe Frank against the City of New York. From a
judgment of the Municipal Court, dismissing the complaint, plaintiff
appeals. Affirmed.

Argued January term, 1912, before SEABURY, GERARD, and
HOTCHKISS, JJ.

Emanuel Jacobus, for appellant.

Archibald R. Watson, Corp. Counsel (Loyal Leale, of counsel), for
respondent.

SEABURY, J. The action was brought to recover damages for
an injury to a horse owned by the plaintiff, alleged to have been caused
by the negligence of the defendant. No verified claim was presented
by the plaintiff to the comptroller of the city of New York, as re-
quired by section 261 of the Greater New York charter (Laws 1901,
c. 466). The learned court below held that the failure of the plain-
tiff to present "a verified statement" was fatal to the plaintiff's right
to recover, and rendered judgment in favor of the defendant dismiss-
ing the complaint. The single question presented for review upon
this appeal is the correctness of this ruling.

[1] The requirement of section 261 of the Greater New York char-
ter that "a verified statement" shall be filed with the comptroller is a
condition precedent to the plaintiff's right to maintain the action.
Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80.

[2] The fact that, after the defective claim was served, the plain-
tiff was examined as to the circumstances of the accident to his horse,
and that the claim was not returned, did not establish a waiver of the
right to object to the defective claim on the part of the defendant.
Forsyth v. City of Oswego, 191 N. Y. 441, 84 N. E. 392, 123 Am. St.
Rep. 605.

[3] The claim of the appellant that he was not required to verify
his statement because he appeared before the comptroller and signed

and swore to the examination taken by that officer under authority of section 149 of the Greater New York charter is untenable. The words "verified statement," as used in section 261, do not refer to a verification of the plaintiff's claim upon the examination conducted by the comptroller, but relate to a separate and distinct statement, which a claimant is required to file, "showing in detail the property alleged to have been damaged or destroyed, and the value thereof." The case of Patterson v. City of Brooklyn, 6 App. Div. 127, 40 N. Y. Supp. 581, is in point, and is decisive of the question presented for determination. In that case the court said:

"We are of the opinion that the statute requires the statement to be sworn to, and that an affidavit of verification must be attached to it when presented to the comptroller. It is true that the comptroller is given power to examine the claimant, and that by so doing he may verify the claim; but the term 'verified,' as applied to pleadings and statements of this character, has a settled meaning in our statutory law, and it refers to an affidavit attached to the statement as to the truth of the matters therein set forth. That the Legislature, in requiring that the claim be 'duly verified,' did not refer to a verification thereof by an examination by the comptroller, is clear from the plain language of the law."

It follows that the judgment appealed from should be affirmed, with costs. All concur.

