Argued March 14, reversed and remanded April 29, 1919.

BRIDGES *v.* MULTNOMAH COUNTY.*

(180 Pac. 505.)

**Counties—Suit Against County—Condition Precedent—Presentation of Claim.**

1. In view of Sections 3048–3050, 3052, L. O. L., providing that auditor shall be the accounting officer for the county, "that all claims against the county" "shall be presented to him," and that "he shall examine and audit" every claim, a claimant must allege and prove that he has presented claim arising out of contract to the auditor.

**Judgment—Pleading to Support.**

2. Complaint in suit against county on claim arising out of contract, where lacking in material and essential allegation that claim

---

*On the question of presentation of claims against a county before a county board as a condition precedent to suit, see note in 39 **L. R. A.** 77.        REPORTER.

had been presented to county auditor as required by Sections 3048, 3049, 3052, L. O. L., will not support judgment for claimant.

**Pleading—Cure by Verdict.**

3. If complaint in suit against county on claim arising out of contract contained terms sufficiently general to comprehend the essential fact of presentation of the claim to the county auditor, the failure to expressly aver the fact of presentation is cured by the verdict.

**Counties—Presentation of Claim to Auditor—Pleading.**

4. Plaintiffs, by expressly alleging that they presented their claim based on contract to the board of county commissioners, impliedly say that they did not present it to the county auditor, and their complaint is insufficient to support judgment, though containing allegation that payment of claim was demanded and refused by the county.

**Constitutional Law—Judicial Legislation—Justice of Law.**

5. The courts must accept a statute as they find it, though such an acceptance leads to a harsh result.

From Multnomah: William N. Gatens, Judge. Department 1.

There was a verdict and judgment for the plaintiffs, J. B. Bridges and F. T. Webber, who are partners. The defendant, Multnomah County, appealed. The complaint avers that the defendant employed the plaintiffs, who are architects, to make plans and sketches for a hospital; that pursuant to the employment the plaintiffs made plans which were approved by the agents of the defendant and then submitted to the county for its approval, but "the board of county commissioners of Multnomah County deferred action on the matter and left the matter open for determination." The next three paragraphs found in the complaint are as follows:

"IV. That on January 21, 1914, the plaintiffs presented their bill for said services to the board of county commissioners of Multnomah County for the reasonable value of said services performed in the sum of one per cent of the estimated cost of said Multnomah County Hospital of $400,000, or $4,000. That said bill in said matter has been under consideration by the board of county commissioners, and on July 23,

1917, the board of county commissioners ordered on motion of Commissioner Holman, the bill of Bridges & Webber, architects, dated January 21, 1914, for services said to have been rendered for making preliminary plans for the proposed new Multnomah County Hospital, be and the same is hereby disallowed.

"V. That the reasonable value of said services so performed by plaintiffs for Multnomah County under said employment is the full sum of $4,000.

"VI. That payment of the same has been demanded, and payment of the same has been refused by Multnomah County on July 23, 1917, and no part thereof has been paid."

The answer admits the partnership of the plaintiffs, the existence of the defendant and also the last sentence in paragraph 4, and denies the remainder of the complaint.        AFFIRMED.

For appellant there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, and *Mr. George Mowry,* Deputy District Attorney, with an oral argument by *Mr. Mowry.*

For respondent there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

HARRIS, J.—1. The county contends that the pleadings do not support the judgment, for the reason that there is no averment in the complaint or in the answer that the plaintiffs presented their claim to the county auditor. There is no bill of exceptions and consequently the only question for decision is whether the pleadings are sufficient to enable the judgment to stand. Section 3048, L. O. L., among other things, provides as follows:

"The county auditor shall be the accounting officer for the county. All demands, accounts, or claims

against the county shall be presented to him with the necessary evidence in support thereof, and he shall examine and audit the same, and if he finds such demands, accounts, or claims correct, lawful, just, and valid, indorse them as audited and approved, with the date thereof, and report them to the County Court or board of county commissioners on the first Thursday after the first Monday of each month, or as soon thereafter as possible, and at such other times as they require, together with such suggestions and explanations as he may deem proper; and if a demand, claim, or account and evidence in support thereof is not sufficient to satisfy him as to its correctness, lawfulness, justness, or validity, he shall indorse the same as audited and rejected, with date thereof, and report the same to the county court or board of county commissioners at the same time and place as those duly approved, with such explanation as he may deem necessary.''

Section 3049, L. O. L., reads thus:

''Any law, rule, or regulation providing for the payment of any demand of whatsoever kind or nature, except only the salary of the county auditor, hereinafter provided for, out of the treasury or any fund thereof, whether from public funds or private funds deposited therein, shall always be construed as requiring the auditing and approval of such demand by the county auditor, and an order of the County Court or board of county commissioners before the same shall be paid. No order or warrant for the payment of any demand shall be valid, either in the hands of the original payee or holder, or any transferee or assignee thereof, unless the demand for which the same was issued shall have been first duly audited and approved by the county auditor, as in this act provided.''

In substance, Section 3050, L. O. L., provides that no demand shall be allowed by the auditor in favor of any person indebted to the county without first deducting such indebtedness. Section 3052, L. O. L., directs that the salary of the auditor shall be audited, allowed, and

ordered paid by the board of county commissioners
and that:

"All other demands on account of salaries, or other-
wise,. fixed by law or otherwise' and made payable out
of the treasury, must be approved by the auditor be-
fore being ordered paid."

Thus it is seen that the auditor "shall be the ac-
counting officer for the county" and that all claims
against the county "shall be presented to him"; that
"he shall examine and audit" every claim, and after
approving or rejecting it he is required to report it
to the board of county commissioners. Not satisfied
with the comprehensive language used in Section 3048,
where it is said that "all demands, accounts or claims
against the county shall be presented" to the auditor,
the legislature took the added precaution of expressly
saying in Section 3049, that future laws "providing
for the payment of any demand of whatsoever kind or
nature" shall always be construed "as requiring the
auditing and approval of such demand by the county
auditor, and an order of the County Court or board of
county commissioners before the same shall be paid."

The command that all claims must first be presented
to the auditor and audited by him before being ordered
paid by the board of county commissioners is made still
more imperative by Section 3049 where we read that:

"No order or warrant for the payment of any de-
mand shall be valid, * * unless the demand for
which the same was issued shall have been first duly
audited"

by the county auditor. Finding as we do a statute
which declares in positive and unmistakable language
that a claim against the county must be presented to
the auditor before it is ordered paid by the board of
county commissioners, we now inquire whether the

plaintiffs must allege that they complied with the requirements of the statute by presenting their claim to the auditor.

Legislation requiring that claims against municipalities shall be presented to some designated officer or tribunal is common to all the states of the Union. It is interesting to note that while a majority of the courts hold that when a statute requires the presentation of a claim to a designated officer the fact of such presentation becomes a material matter which must be alleged in the complaint, there are nevertheless a few jurisdictions which entertain variant views. In Wisconsin it is held that legislation appertaining to the presentment of claims against municipalities is analogous to statutes of limitations and governed by like rules; and hence a failure to comply with the statute is waived unless the municipality takes advantage of the omission by demurrer or answer: *O'Connor* v. *Fond Du Lac,* 109 Wis. 253 (85 N. W. 327, 53 L. R. A. 831). Proceeding on the theory that the presentation of a claim constitutes no part of a cause of action but is merely a part of the procedure to enforce a cause of action already existing it has been ruled that the failure to present a claim is only matter for a plea in abatement: *Gillett* v. *Lyon County,* 18 Kan. 410; *Skinner* v. *Cowley County,* 63 Kan. 557 (66 Pac. 635); *Auerbach* v. *Salt Lake County,* 23 Utah, 103 (63 Pac. 907, 90 Am. St. Rep. 685). In one jurisdiction it seems to be the rule that the complaint need not allege compliance with the statute if the claim has been rejected upon the ground that the demand is not a legal charge against the municipality and no objection has been made to. the manner or form of the presentment: *Taylor* v. *Canyon County,* 7 Idaho, 171 (61 Pac. 521). In Indiana it is said that failure to present a claim is

a matter of defense to be pleaded by the defendant: *Bass Foundry & Machine Works* v. *Parke County,* 115 Ind. 234 (17 N. E. 593) ; *Hancock County* v. *Leggett,* 115 Ind. 544 (18 N. E. 53) ; *Gibson County,* v. *Tichenor,* 129 Ind. 562 (29 N. E. 32). However, according to the rule established by the weight of authority, where the statute requires the presentation of a claim before an action is brought to enforce its payment, the complaint must allege that the claim has been presented in the manner and form prescribed by the statute: *Bibbins* v. *Clark,* 90 Iowa, 230 (57 N. W. 884, 59 N. W. 290, 29 L. R. A. 278) ; *Scarbrough* v. *Watson,* 140 Ala. 349 (37 South. 281) ; *Denver* v. *Bottom,* 44 Colo. 308 (98 Pac. 13) ; *Butts County* v. *Wright,* 143 Ga. 253 (84 S. E. 443) ; *Billings First National Bank* v. *Custer County,* 7 Mont. 464 (17 Pac. 551) ; *Jones* v. *Bladen County,* 73 N. C. 182; *Collins* v. *King County,* 1 Wash. Ter. 416; *May* v. *County of Buchanan,* 29 Fed. 409. See, also, *Fenton* v. *Salt Lake County,* 4 Utah, 466 (11 Pac. 611).

The question is not *res integra* in Oregon but previous adjudications have committed this court to the rule followed in most of the states. In *Richardson* v. *Salem,* 51 Or. 125 (94 Pac. 34), it was said that "the city is not in default until the conditions" of the charter are complied with. In *Graft* v. *Wilson,* 62 Or. 476, 482 (125 Pac. 1005, Ann. Cas. 1914C, 462), it was conceded that the liability of Multnomah County does not become complete until the presentation of a claim. In *Naylor* v. *McColloch,* 54 Or. 305, 313 (103 Pac. 68), it was ruled that since a charter provision akin to the statute now under discussion was "in the interest of the general public, and a matter of positive law," the council could not waive it: See, also, *Richardson* v. *Salem,* 51 Or. 125, 127 (94 Pac. 34).

2. The legislature possessed undoubted power to require that claims against the county be presented and having exercised its power by commanding that claims shall be presented to the auditor it necessarily follows that a claimant must allege and prove that he has obeyed the statute; and if the complaint does not contain this material and essential allegation the pleading will not support a judgment: *County of Union* v *Slocum,* 16 Or. 237, 239 (17 Pac. 876); *Philomath* v. *Ingle,* 41 Or. 289 (68 Pac. 803); *Stackpole* v. *School District,* 9 Or. 508; *Wallowa County* v. *Oakes,* 46 Or. 33, 35 (78 Pac. 892); *Barrow* v. *School District,* 83 Or. 272 (162 Pac. 789).

3. It is true that no demurrer was filed against the complaint and the sufficiency of the pleading was not questioned until after the verdict and judgment. The same situation was presented in *Philomath* v. *Ingle,* 41 Or. 289 (68 Pac. 803); and yet it was there decided that the complaint was insufficient to support the judgment. If the complaint contained terms sufficiently general to comprehend the essential fact of presentation to the auditor then the failure expressly to aver the fact of presentment would be cured by the verdict: *Booth* v. *Moody,* 30 Or. 222, 225 (46 Pac. 884).

4. The plaintiffs, it is true, have alleged in their complaint that they presented their claim for allowance but it is also true that they have pointed out and specified the board of county commissioners as the persons to whom the claim was presented. By expressly naming the board of county commissioners as the persons to whom presentment was made, the plaintiffs impliedly say that they did not present the claim to the auditor. Nor does paragraph VI of the complaint aid the plaintiffs; for on the authority of *Barrow* v. *School District,* 83 Or. 272, 276 (162 Pac.

789), this paragraph "is not an allegation of presentation for audit." The legislature has in its wisdom declared that claims against Multnomah County must be presented to the auditor. A claimant cannot maintain an action unless he first presents his claim to the auditor: *Philomath* v. *Ingle*, 41 Or. 289, 293 (68 Pac. 803).

5. It is true that the board of county commissioners can reject a claim which the auditor has approved; or, on the other hand, the board can approve and order the payment of a claim which the auditor has rejected; and yet, notwithstanding the fact that the ultimate authority to pay or to refuse to pay is lodged in the board of county commissioners, the demand must first be presented to the auditor before it is ripe for the consideration of the board. We do not attempt to determine whether claims arising out of torts must be presented to the auditor; but it is sufficient to say that a claimant with a demand arising out of a contract comes within the embrace of the statute and such a claimant must obey the plain mandate of the legislature before he can maintain action against the county for the enforcement of his demand. If it be said that this conclusion leads to a harsh result in a case where the demand has been presented to and rejected by the board of county commissioners and afterwards passed upon by a jury, our answer is that the courts must accept the statute as they find it.

The judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

McBRIDE, C. J., and BENSON and BURNETT, JJ., concur.