Argued December 6, 1929; affirmed February 18; rehearing denied March 11, 1930

## FOSTER v. LAKE COUNTY
(284 P. 830)

*Chas. H. Combs,* District Attorney, and *Arthur D. Hay,* both of Lakeview, for appellant.

*W. O. Sims* of Portland (Herbert P. Welch of Lakeview and Emerson U. Sims of Portland on the brief) for respondent.

RAND, J. This is an action for damages for breach of contract. The cause was tried by the court and a jury and from the judgment in favor of plaintiff, defendant has appealed. The facts are these: On July 1, 1924, plaintiff and defendant entered into a written contract by the terms of which it was agreed

that plaintiff should grant to the county a right of way for a state highway over his lands in Lake county, and that the county should pay him therefor $50 per acre for the lands included within the right of way, and that the county on completion of the highway would construct or cause to be constructed a fence on each side thereof and all irrigation ditches destroyed or rendered useless by the construction of the highway, so as to insure to plaintiff's premises the same distribution of water to the same extent and to the same lands that it was being distributed to at the time the contract was entered into. It was also agreed that during the time of construction the county would keep up the fences and gates on the premises in order to keep plaintiff's stock on and outside stock away from plaintiff's premises.

The complaint alleged performance of the contract by plaintiff and defendant's failure to perform and demanded judgment for the damages resulting from defendant's breach. The contract was signed on behalf of the county by the county judge only and not by either of the two county commissioners but it recited that it was entered into pursuant to a contract that had been agreed to by the county court of Lake county and plaintiff. A demurrer was filed to the complaint and overruled. This, it is contended, was error for the reason, first, that a contract signed by the county judge only is not binding upon the county and, second, that the county court of Lake county had no authority to enter into a contract of that nature.

■ It is undoubtedly true that in transacting the business of a county, the county court, which in this state consists of three members, must act as a body and that one member thereof is without power to bind the county and, hence, a contract signed and assented to

by the county judge alone, unless previously authorized or subsequently ratified or acquiesced in by the county court acting as a body, would be invalid. There was no express allegation in the complaint that the county court had previously authorized the county judge to bind the county by signing or entering into the contract but there is an allegation in the complaint that before the contract was entered into an agreement had been entered into between plaintiff and the county court that plaintiff should convey the right of way to the county and that the county would perform the acts promised and agreed to in the written contract, and it was further alleged in the complaint that subsequent to the time of performance by plaintiff the county court ratified the contract by a resolution adopted by the county court which expressly recited that:

"Whereas on the 1st day of July, 1924, a contract was entered into by and between this court and Ralph C. Foster wherein it was agreed inter alia by this court that if Ralph C. Foster would permit the construction of a certain public highway across his lands this court would, upon the completion of said highway, or its being opened for traffic, re-construct, etc."

This resolution, upon its adoption and entry in the records of the county court, constituted a complete, specific and express ratification of the contract and a direct affirmation of the authority of the county judge to enter into the contract, for it is clear that if the county court had authority to enter into a contract of that nature it could either authorize one of its members to enter into the contract in behalf of the county or, if entered into by one member thereof without previous authorization, it could subsequent to the making thereof ratify the contract and make it a valid and binding obligation upon the county.

■ The contention that the county court of Lake county had no authority to enter into the contract or any contract of that nature can not be sustained for the statute in this state, § 4436, Or. L., expressly declares that rights of way for state highways shall be acquired by the counties in which the highway is situated and provides that such rights of way may be acquired by either donation, purchase, agreement, condemnation or through the exercise of the power of eminent domain by the county before any contract shall be ratified. This constituted express statutory authority for the county court of Lake county to enter into a contract to acquire from plaintiff the right of way in question by an agreement between plaintiff, as the owner of the land, and the county court. The same statute also provides that, in case the county court shall fail, neglect or refuse to acquire such rights of way, the state highway commission may by a suit brought by the attorney general acquire them by condemnation and directs that all the expenses incurred by the state highway commission, in so acquiring them, shall be paid by the county. There is no contention that there was any fraud or collusion in the contract and, therefore, under the allegations of the complaint, the contract was valid and binding upon the county and, hence, plaintiff having fully performed the contract, the demurrer to the complaint was properly overruled.

There are numerous assignments of error urged by defendant upon this appeal but for the most part they are based upon the assumption that the contract was invalid and not binding upon the county. That contention having been overruled, no further reference to such contentions is necessary.

■■ One of the points urged is that it was error for the court to deny defendant's right to cross-examine

plaintiff upon certain alleged statements of plaintiff as to the number of cattle owned by him, made to or filed with the county assessor for the purposes of taxation. The matters sought to be disclosed by the excluded cross-examination were not material under the pleadings and rulings made by the court upon the trial. The elements of damage alleged in the complaint were the agreed price of the land occupied by the highway, loss of crops, injuries to an orchard, and damage to the soil arising from plaintiff's inability to irrigate the premises because of defendant's failure to reconstruct the irrigation ditches, and also loss of profits upon plaintiff's cattle during the time when the road was being constructed because of the failure of the county to keep up and maintain the gates and fences on plaintiff's premises as contracted by the county. The trial court took from the consideration of. the jury the question of damages in respect to all of these matters during the time the road was under construction. Subsequent to this ruling, which was made at defendant's request, defendant sought to cross-examine plaintiff as to the number of cattle he owned during the time the road was under construction, which was the very matter the court had withdrawn from the consideration of the jury. Plaintiff's testimony in that particular having been withdrawn, cross-examination thereon was wholly immaterial. Defendant now contends that he was entitled to this cross-examination for the purpose of impeaching plaintiff. The ruling of the court, however, excluding the cross-examination was proper under the rule that a witness can not be impeached upon an immaterial matter.

■ We have considered all of the remaining 33 assignments of error without finding any reversible

error in any of the rulings and instructions complained of. There is, however, one contention which we deem proper to consider. Under our statute when the county court has acquired the right of way for state highways and paid for its acquisition, the construction of the highway is under the exclusive control of the state highway commission, the county having no authority over the work, and it is contended that the acts and omissions complained of by plaintiff in the complaint were the acts and omissions of the state highway commission and not the county, for which the county would ordinarily not be liable. We are not dealing with the authority of the county court or of the state highway commission in the construction of the road, but with a contract which the county entered into in which it obligated itself either to do the acts agreed to or to cause them to be done and, hence, it is wholly immaterial so far as plaintiff's rights are concerned under the contract whether the county failed to do the promised acts itself or failed to cause the acts to be done by the state highway commission, it having obligated itself that the acts would be done and, the contract having been breached regardless of whoever may be responsible therefor, the county is liable under its contract for all damages resulting to plaintiff by reason of its own breach of the contract.

Finding no error in the record, the judgment will be affirmed.

BEAN, BELT, JJ., and HAMILTON, A. A. J., concur.