Argued June 21; reversed July 8; rehearing denied
August 1, 1932

REDMOND REALTY CO *v.* CENTRAL OREGON
IRRIGATION DISTRICT ET AL.

(12 P. (2d) 1097)

*George H. Brewster,* of Redmond, for appellant.

*Jay H. Upton,* of Bend (H. H. De Armond, of Bend, on the brief), for respondents.

*Willis S. Moore,* Assistant Attorney General (I. H. Van Winkle, Attorney General, on the brief), amicus curiae.

BEAN, C. J. This is a proceeding for a declaratory judgment under sections 2-1401, et seq., Oregon Code 1930.

The Central Oregon Irrigation District is a very large district located in Deschutes and Crook counties and furnishes water from the Deschutes river to approximately 48,000 acres of land, the water rights of which have been heretofore adjudicated. The system contains over 700 miles of ditches, flumes and laterals, on which there are living some two thousand people. On account of the size of the system and the district it is necessary to raise a large amount of money each year for the purpose of paying the operation and maintenance charges. Heretofore this money has been raised by levy and assessments. A large number of landowners permitted the assessments on the land within the district to become delinquent; as a result the taxes paid are not sufficient to meet the current bills and the warrants became some two years in arrears.

In order to reestablish the credit of the district a plan was evolved to issue bonds for an amount sufficient to equal the outstanding warrants for the purpose of exchanging them for the warrants. The electors of the district, under the authority of section 48-501, Oregon Code 1930, authorized the issuance of bonds in the sum of $135,000, the amount of the outstanding warrants. Validation proceedings were instituted and carried through the circuit court in which the regularity of the entire procedure was confirmed, from which no appeal was taken. Application was made to the state

reclamation board for certification of the bonds, which was refused, the Attorney General of the state advising that the issuance of the bonds for the purpose of paying outstanding warrants was not authorized by section 48-501, Oregon Code 1930.

It is sought in this proceeding to have the court interpret section 48-501 and section 48-1001, Oregon Code 1930, and declare that section 48-501 authorizes the board of directors to issue bonds for the purpose of paying outstanding warrants issued for purposes of operation and maintenance.

Section 48-501, Oregon Code 1930, provides in part that

"Upon order of the directors duly entered an election shall be held to determine whether bonds in any amount the board may deem necessary shall be issued for any purpose necessary or convenient in carrying out the provisions of this act, including the refunding of outstanding bonds, * * *"

and provides for the notice and manner of holding the election, and a subsequent section provides for the issuance and sale of such bonds. It will be noticed that this section authorizes bonds to be issued for any purpose necessary or convenient in carrying out the provisions of the act, including the refunding of outstanding bonds. There is no provision for refunding outstanding warrants issued for operation and maintenance.

In *Medford Irrigation District v. Hill,* 96 Or. 649, 659 (190 P. 957), it was held that the words "for any purpose" used in section 48-501, Oregon Code 1930, did not indicate a purpose which a district might deem necessary or convenient but a purpose which the legis-

lature deemed necessary and convenient in view of all of the provisions of the act. In that case the court said:

"We think the words 'for any purpose,' italicized above, together with the clauses following, indicate an intention upon the part of the Legislature, that there should be some general plan or purpose adopted for the bringing in of water before a bond election, which purpose should be expressed in the order of the directors authorizing the election, and upon which the landowners can vote intelligently as to whether or not the bonds for that purpose shall be issued."

The whole scope of the acts embraced in sections 48-501, et seq., and the several amendments thereto, seem to make provision for irrigation districts to construct or purchase an irrigation system and perform acts in connection therewith, issuing bonds to obtain funds for the payment therefor and for refunding outstanding bonds and making contracts with the United States. Sections 48-601, et seq., provide for the certification of such bonds by the reclamation commission.

■ Section 48-501 reads in part: "* * * an election shall be held to determine whether bonds in any amount the board may deem necessary shall be issued for any purpose necessary or convenient in carrying out the provisions of this act, including the refunding of outstanding bonds, * * *." The phrase "including the refunding of outstanding bonds" precludes the idea that bonds may be issued for refunding irrigation district warrants. The maxim *inclusio unius est exclusio alterius* applies.

■ A corporation, such as the Central Oregon Irrigation District, must, in issuing its obligations, proceed according to authority found in the statute: *Carico v. Crystal District Imp. Co.*, 119 Or. 629, 634 (250 P. 745); *Fallbrook Irri. Dist. v. Bradley*, 164 U. S. 112 (41 L. Ed. 369, 17 Sup. Ct. 56).

██ The governing act of an irrigation district is a public statute and every one dealing with the corporation is charged with notice of the extent of its powers and the legislative limitations and restrictions upon the exercise thereof. The corporation has no powers, either governmental or proprietary, except those granted to it by the legislature, either express or by clear implication: *Twohy Bros. Co. v. Ochoco Irr. Dist.*, 108 Or. 1, 42, 43 (210 P. 873, 216 P. 189).

Sections 48-701, et seq., provide another method by which bonds may be issued by an irrigation district for the purpose of retiring its entire indebtedness. There is no claim that the proceedings have been taken under these sections which were enacted in 1927.

We search in vain in the statute for authority for an irrigation district to issue bonds for the redemption of warrants issued for operation and maintenance.

█ In the provisions of sections 48-701, et seq., it is required that the irrigation district proceed with the consent of the reclamation commission. That act indicates that it was not the intention of the legislature to permit irrigation districts to issue bonds for their running expenses, except in refunding all of its indebtedness, with the consent of the reclamation commission. The primary and only source for the payment of warrants issued for operation and maintenance is the annual assessments levied and assessed by the board of directors: *Kollock v. Barnard,* 116 Or. 694, 706 (242 P. 847).

The respondent relies particularly upon *In Re Riggs,* 105 Or. 531 (207 P. 175, 210 P. 217). In that case there was involved the regularity of the proceedings in connection with organizing an irrigation district and the regularity of the proceedings pertaining to an elec-

tion authorizing an issue and sale of bonds for the purpose of providing funds necessary for the replacement of the main flume of the Central Oregon canal and for the replacement of the various structures necessary to be replaced on the various canals and laterals of the entire system and for all necesary repair work to be done, in order to operate the system and to provide funds for the operation of the irrigation system during the year of 1922 and to provide funds for the payment of the first year's interest on such bonds. It was held that the election was regular. The question in regard to the issuance of bonds to refund irrigation district warrants does not appear to have been raised in that case. That opinion is not authority for the issuance of the bonds in question.

We hold that the irrigation district could not legally vote and issue bonds for the purpose of exchanging or raising money for retiring operation and maintenance warrants of the district. The record does not indicate that the complaint, in the suit in the circuit court to determine the legality and regularity of the proceedings leading up to and including the canvass of the votes at the bond election, stated facts sufficient to authorize the circuit court to determine that the district could legally issue bonds in the sum of $135,000 for the purpose of providing funds to pay outstanding warrants of the district issued for the purpose of paying operation and maintenance charges.

The decree of the circuit court is reversed.

RAND, KELLY and CAMPBELL, JJ., concur.