Argued March 24; affirmed April 6, 1937

# FORRESTER *v.* CITY OF HILLSBORO

(66 P. (2d) 496)

*Ernest Cole*, of Portland, for appellant.

*P. L. Patterson*, of Hillsboro, for respondent.

BELT, J. Plaintiff, an engineer specializing in sewage projects, commenced this action to recover the reasonable value of services rendered by him to the defendant city in preparing plans and specifications for a sewage disposal plant. He alleges that the services so rendered were accepted by the city and that the same are reasonably worth the sum of $2,163.50, no part of which has been paid except the sum of $50. The trial court sustained a general demurrer to the complaint and, upon refusal of the plaintiff to plead further, dismissed the action. Plaintiff appeals.

The demurrer to the complaint was sustained for the reason that plaintiff had not alleged a compliance with § 284 of the charter of the city of Hillsboro providing the mode in which such contracts must be executed. § 284 of the charter is as follows:

"The City of Hillsboro shall not be bound by any contract or any manner liable thereon unless the same shall be authorized by ordinance or resolution and made in writing, by order of the City Council, and signed by the Mayor and attested by the Recorder on behalf of the city, when in excess of the sum of $100.00, * * *."

Plaintiff concedes that, in entering into the contract with the city, no compliance was had with the above charter provision. It is his contention that such section has no application to the facts alleged in the complaint. More specifically, plaintiff contends that the city is liable notwithstanding such charter provision because (1) the contract has been fully executed; (2) it is not ultra vires; (3) the services rendered thereunder were accepted by the city.

◼ It is plain that the city has the power under its charter to construct a sewage disposal plant and to do those things reasonably necessary to accomplish such purpose. The contract is, therefore, not ultra vires. However, it is equally well settled that a contract with a municipal corporation must have been entered into in the mode provided by statute or the charter. It is beside the question to rely upon acceptance of services by the city as a basis of liability. The plaintiff was bound to know the extent of authority of the manager of the city who employed him. He was also bound to know the mode in which such contracts must be executed. When he proceeded with the performance of the work without compliance with the plain mandate of the charter, the risk of non-liability was assumed. As applied to a particular individual it may be a harsh rule, but the protection of the public against fraudulent and improvident contracts is paramount.

As stated in McQuillan on Municipal Corporations (2d Ed.) § 1266:

"If the charter or the statute applicable requires certain steps to be taken before making a contract, and it is mandatory in terms, a contract not made in conformity therewith is invalid, and ordinarily cannot be ratified, and usually there is no implied liability for the reasonable value of the property or service of which the municipality has had the benefit."

That the statement of the rule in the above text is in keeping with the great weight of authority, see cases in notes 27 L. R. A. (N. S.) 1120 and 84 A. L. R. 936–954.

*White v. City of Seaside*, 107 Or. 330 (213 P. 892), is squarely in point and is adverse to the contentions of the appellant. In that case White sought to recover the

reasonable value of his services as an architect in planning and supervising the construction of a city hall. The charter of the city provided:

"The city of Seaside is not bound by any contract or in any way liable thereon, unless the same is authorized by city ordinance or resolution, and made in writing by order of the common council, signed by the auditor and police judge on behalf of the city; except that this section shall not apply to the board of water commissioners hereinafter provided for."

The contract was within the power of the city to make but the execution thereof was limited to the manner and mode as provided in the charter. The work was performed and the benefits thereof accepted by the city. This court, however, refused to hold the city liable saying: "* * * where a municipal charter points out a particular method in which a contract is to be executed the method so prescribed is the measure of the power." Citing *Montague-O'Reilly v. Milwaukie,* 101 Or. 478 (193 P. 824, 199 P. 605) ; *Twohy Bros. Co. v. Ochoco Irr. Dist.,* 108 Or. 1 (210 P. 873, 216 P. 189). Also see the later case of *Kernin v. City of Coquille,* 143 Or. 127 (21 P. (2d) 1078).

Appellant relies strongly upon the early case of *Beers v. Dalles City,* 16 Or. 334 (18 P. 835). That decision hinged upon the construction of the charter of Dalles City. The court held that § 128 of the charter, which is substantially the same as § 284 of the Hillsboro charter, had no application to contracts relative to the construction of sewers, as the city council was authorized under its charter to do the work without the formality of entering into an express contract. The court further said:

"* * * that section was designed to apply to those cases, and only to those where an ordinance is required

by the charter, and where the work is expressly required to be let to the lowest responsible bidder, after notice, as in section 86 of the charter.''

The main distinction between the Beers case and the one at bar is that the Dalles City charter provides a different method for the construction of sewers. Under the Hillsboro charter, § 284 plainly relates to the kind of contract upon which plaintiff relies and, since it was not entered into in the mode therein required, plaintiff cannot prevail.

The judgment of the circuit court is affirmed.

BEAN, C. J., and ROSSMAN and KELLY, JJ., concur.