Argued April 3, affirmed April 29, 1964

LEWIS ET AL *v.* KLAMATH IRRIGATION
DISTRICT

391 P. 2d 774

*A. C. Yaden,* Klamath Falls, argued the cause and filed briefs for appellants.

*William Ganong,* Klamath Falls, argued the cause for respondent. With him on the brief were Ganong & Ganong and Ernest F. Gordon, Klamath Falls.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell and Lusk, Justices.

SLOAN, J.

In this action plaintiffs alleged that they had been entitled to the use and benefit of the waters from a hot spring and that defendant, contrary to its duty to plaintiffs, had permitted the waters from the spring to become unusable. Plaintiffs brought this action for alleged damage and prevailed by a jury verdict. The trial court later entered an order allowing a new trial upon the court's own motion. Plaintiffs appeal from that order.

The disposition we make of the case does not require that we set forth the complicated factual background which, plaintiffs alleged, created defendant's duty to plaintiffs to maintain the spring. It is sufficient to say that plaintiffs alleged a breach of such a duty. The decisive issue is caused by ORS 545.562 which requires that:

> "Claims against the district shall be submitted to the board upon vouchers. Upon order of the board the president and secretary shall draw warrants in payment thereof. The county treasurer shall pay such warrants, if there are funds available for that purpose. If no funds are available, the treasurer shall so indorse the warrants. From the date of such indorsement the warrants shall bear interest at the rate of not to exceed six percent per annum until paid or until notice has been given that funds are available for payment of such warrants. The warrants shall be drawn in payment of any debt, liability or obligation incurred in carrying out the provisions of the Irrigation District Act, except such payments as may be made by irrigation district bonds."

ORS 545.062 requires that the county treasurer of the county wherein the petition for the organization of an irrigation district was filed shall be the ex officio treasurer of the district.

Plaintiffs' complaint did not allege, nor did they produce evidence to prove, that a claim had been filed as required by the statute prior to the filing of this action. The trial court, relying on *Young et al v. Gard et al,* 1929, 129 Or 534, 277 P 1005, held that an allegation of and proof of compliance with the statute was essential to plaintiffs' recovery. We agree. *Young et al v. Gard et al,* supra, 129 Or at 552, held that "this [statute] is mandatory."

This section of the statute was enacted as a part of the original code for the creation and government of irrigation districts adopted in 1895. The original statute provided that claims would be paid by the county treasurer after the claims had been approved by the district board. In 1917 the statute was amended to include the language that "Claims against the district shall be submitted to the board upon vouchers * * *." It cannot be learned why the word "vouchers" was used. We do know from reference to 44A Words and Phrases, Voucher, page 24, and to *Willis v. Marks,* 1896, 29 Or 493, 500, 45 P 293, that a voucher is said to be a document, frequently verified, that itemizes the nature of the claim, the authority by which the claim accrued and the lawful right to payment. Presumably, the legislature was aware of the significance of the word when it was used. Similar requirements appear to have been used in the statutes of other states. In a Handbook of the Irrigation District Laws of the Seventeen Western States of the United States by Will R. King (a former Justice of this court) and E. W. Burr, 1918,

published by the Sixty-Sixth Congress, House Committee on Irrigation of Arid Lands, we are informed at page 46:

"Claims against an irrigation district, other than those represented by its bond issues, are submitted, generally under oath of claimant, to the board of directors upon vouchers or other proper forms. When approved by the board warrants signed by the president and countersigned by the secretary are issued, stating the date on which they were authorized by the board and for what purpose. They are then paid by the treasurer upon presentation to him."

The language of the statute in question is different, and the method of payment not like that of similar statutes governing other public corporations, but the intent is the same.

An examination of our cases reveals only two previous decisions in respect to the necessity of filing this kind of a claim with a public corporation before an action will lie. They are: *Philomath v. Ingle,* 1902, 41 Or 289, 68 P 803; *Bridges v. Multnomah County,* 1919, 92 Or 214, 180 P 505. Both cases held that a complaint which did not allege compliance with the statute would not support a judgment. For the reasons to be mentioned the language, previously quoted from *Young et al v. Gard et al,* supra, 129 Or at 552, should be read to mean the same thing.

Indeed, unlike school districts or other governmental units, the legislature did not and has not seen fit to permit irrigation districts to act as an independent fiscal agent. The statute has always required that the funds of the district be in the custody of the county treasurer. And it has been held by this court that a person "* * * dealing with the corporation

is charged with notice of the extent of its powers and the legislative limitations and restrictions upon the exercise thereof." And that an irrigation district, of course, has no power except that granted by the legislature. *Redmond Co. v. Cent. Or. Irr. Dist.,* 1932, 140 Or 282, 286, 12 P2d 1097. Accordingly, the requirement that the governing body of a public corporation can only act when presented with a lawful claim should apply with equal, if not greater, force to an irrigation district.

It has also been said several times that statutes and city charters containing similar restrictions are for the benefit of the public. This court has rigidly enforced these requirements. *Naylor v. McColloch, Mayor,* 1909, 54 Or 305, 103 P 68; *State ex rel v. Funk,* 1922, 105 Or 134, 159, 199 P 592, 209 P 113; *Forrester v. City of Hillsboro,* 1937, 156 Or 89, 66 P2d 496.

It appears that the policy expressed by ORS 545.563, and the other statutes governing public corporations, is to permit any interested member of the public served by the corporation to be able to readily determine from the records what claims have been paid and the legal justification for the payment. Although the result may seem "harsh" in many cases (*Forrester v. City of Hillsboro,* supra, 156 Or 89) and, to some, appear to cling to an archaic rule of pleading we think the rule is consonant with the well recognized policy of this state that places all public funds and expenditures within easy range of the public vision. The same policy compels strict accountability for all of its public fiscal agents or officers. An example of this policy can be found in the statute involved in *Bridges v. Multnomah County,* supra, 92

Or 217, and the strict adherence to that policy by this court at 221 thereof.

There is further reason to require a more strict compliance with the Irrigation District Act than may be true of cities and counties or other public corporations that exercise greater financial independence. Other sections of the Irrigation District Act put explicit restrictions on the use and management of district funds. Subsection (2) of ORS 545.562 provides: "* * * The total amount of outstanding warrants for the payment of which there are no funds available shall not exceed $5 per acre for each acre in the district." ORS 545.212 compels the treasurer to "keep" separate accounts. Each of these accounts contain funds that are earmarked for distinct district obligations such as "Bond Funds," "Construction Funds" and other authorized purposes. Other sections relating to the fiscal affairs of a district create a complex system of guidelines which direct the intake and flow of district funds for precise purposes.

■ Reference has been made to these other sections of the Act to demonstrate that the filing of a claim with the district is essential to the management of the district's affairs. It is not a matter of notice only. It is essential that the district board be informed of the nature of the claim and the district fund, if any, from which a claim would be paid. Furthermore, the district could be overdrawn in its warrant account and unable to issue further warrants even if the district board acknowledged an obligation to pay. The purpose of the voucher is not to provide a legal technicality in a situation such as this. It has been and is intended to provide for the orderly management of district funds and to safeguard the interest of the affected public in those funds.

■ We hold that it was imperative that the statutory voucher should have been submitted to the district board before his action would lie. The order of the trial court is affirmed.