Argued September 24, affirmed October 2, petition for rehearing
denied October 29, petition for review denied December 30, 1970

TAYLOR, *Respondent, v.* EAGLE POINT
IRRIGATION DISTRICT, *Appellant.*

474 P2d 774

*William V. Deatherage*, Medford, argued the cause for appellant. On the briefs were Frohnmayer, Lowry and Deatherage, Medford.

*Thomas J. Owens*, Medford, argued the cause for respondent. On the brief were Hogan, Courtright & Owens, Medford.

Before Schwab, Chief Judge, and Langtry and Branchfield, Judges.

LANGTRY, J.

Defendant appeals from an order granting plaintiff's motion for voluntary nonsuit, made after both sides had rested and defendant had moved for a directed verdict. Plaintiff sued for damages resulting from personal injuries suffered in an accident which involved his being drawn through a culvert carrying water from one of defendant's canals. The defenses included alleged contributory negligence and assumption of risk. Plaintiff did not allege or prove that a claim had been submitted to the irrigation district prior to the commencement of the action, as required by ORS 545.562.

At conclusion of the evidence, defendant moved for a directed verdict on grounds of failure of necessary allegations and proof under ORS 545.562, and, further, that the plaintiff as a matter of law was contributorily negligent and assumed the risks. A demurrer to the amended complaint on ground of failure to state a cause of action had not been argued on the point of failure to comply with ORS 545.562, and there was no motion for involuntary nonsuit at conclusion of plaintiff's case. Therefore, the grounds stated for the motion for directed verdict apparently made plaintiff's counsel aware for the first time of his procedural

oversight. He thereupon moved for voluntary nonsuit. The trial court dismissed the jury and later allowed the voluntary nonsuit. In a memorandum opinion, the court observed with reference to the motion:

"The plaintiff, who was 12 years old at the time, was injured when he entered defendant's lateral canal and was pulled through a culvert by the force of the current. The Court is of the opinion that plaintiff was not contributorily negligent as a matter of law and did not assume the risk as a matter of law. The evidence viewed in the light most favorable to plaintiff would justify a finding by the trier of the facts that the water in the lateral at the point where the plaintiff entered looked smooth and no current could be observed. Plaintiff's witnesses testified that they visited the area involved many times and would swim in the defendant's canals. A jury in this case would be warranted in finding that the defendant knew or had reason to know that children were trespassing on its property, that it knew or had reason to know that it had created a condition which involved an unreasonable risk of death or serious bodily harm to such children and that plaintiff because of his age and because of the condition of defendant's premises could not have discovered or realized the risk involved. Evidence was introduced from which a jury could conclude that changes in the culvert would eliminate the hazard and that such changes would not impede the flow of the water or affect the operation of the district. I am of the opinion that our Supreme Court because of its statements in Pocholec v. Giustina (1960), 224 Or. 245 [Pocholec v. Giustina et al, 224 Or 245, 355 P2d 1104 (1960)], would hold that it is for the jury to decide whether defendant met the standard of care required for immunity from liability and if not, whether plaintiff met the standard of care required of a boy of his age, intelligence and experience.

"The Court is, of course, required to either grant a directed verdict or a non-suit as plaintiff failed to allege in his complaint or prove that he presented a claim to the defendant prior to the filing of this action * * *.

"* * * * *

"* * * The Court is of the opinion that it has the right to grant plaintiff's motion for a voluntary nonsuit and should do so in view of all the circumstances involved."

The defendant asserts as error (1) that the trial court did not have authority to grant the voluntary nonsuit after commencement of trial and motion for directed verdict, and (2) the denial of the defendant's motion for a directed verdict. The plaintiff asserts that the negligence questions under the motion for directed verdict are not presented on this appeal, inasmuch as it was within the discretionary power of the trial court to grant the voluntary nonsuit and that having done so the other questions become moot. In effect, the plaintiff says the court did not deny the motion for directed verdict.

In the absence of an allegation and proof that a claim had been filed with the irrigation district as required by ORS 545.562, the motion for a directed verdict should be allowed for this reason unless plaintiff could prevent it by taking a voluntary nonsuit.

In *Lewis v. Klamath Irriga. Dist.*, 237 Or 466, 391 P2d 774 (1964), an action for damages resulting from a violation of the district's alleged duty to the plaintiffs, the plaintiffs prevailed by a jury verdict. The abstract in *Lewis* discloses that defendant moved at conclusion of plaintiffs' case for an involuntary nonsuit on the ground that there had been no presentation of claim under ORS 545.562. The motion

was denied, but the trial court concluded, after judgment was rendered on the verdict, that it should have been granted. Therefore, on its own motion, the court ordered a new trial after defendant had moved for a judgment notwithstanding the verdict. The trial court denied the latter motion. The plaintiffs appealed from the order for a new trial. The Supreme Court affirmed, holding that ORS 545.562 requires allegation and proof of the filing of the claim. Thus, after verdict and judgment it was held that the trial court has authority to order a new trial if there is failure to allege and prove compliance with the notice statute. This being true, it appears logical that it should be discretionary for the trial court, before verdict, to allow the plaintiff to withdraw and start over if he has failed to comply with the notice statute.

■ The pertinent part of ORS 18.230, as amended in 1967, provides that a judgment of nonsuit may be given against the plaintiff as a matter of right on motion of the plaintiff filed with the court and served on the defendant not less than five days before the day of trial if a counterclaim has not been pleaded. If a counterclaim has been pleaded, or if it is less than five days before trial day, the allowance of the motion shall be subject to the discretion of the court. Prior to the 1967 amendment the statute had provided that the allowance of plaintiff's motion for a voluntary nonsuit was subject to the discretion of the court only after the trial on the facts had commenced. Thus, the 1967 amendment extended this time to five days before the day of the trial. We agree with the trial court in the case at bar that the present form of ORS 18.230 continues to allow the trial court to determine whether such motion should be allowed during trial. See *Bobillot v. Clackamas County*, 181 Or 30, 179 P2d 545

(1947); *Quick v. Andresen,* 238 Or 433, 395 P2d 154 (1964). In *Haworth v. Ruckman,* 249 Or 28, 30, 436 P2d 733 (1968), the Oregon Supreme Court said:

> "* * * After the start of the trial on the facts granting of a nonsuit on plaintiff's motion is discretionary with the trial court. ORS 18.230 (1) * * *."

And in *Hardy v. Janssen,* 252 Or 608, 451 P2d 486 (1969), citing *Haworth,* the same court reiterated that a nonsuit on plaintiff's motion after trial has begun is a judgment of the court. Neither of these statements noted the 1967 amendment, but both are indicative of a construction of the statute after the 1967 amendment which is consonant with a continuation of the trial court's discretionary authority to grant a nonsuit on plaintiff's motion after trial commences.

■ We have quoted at length from the trial judge's memorandum opinion to illustrate that he did not rule upon the defendant's motion for a directed verdict. Rather, he seemed to say the evidence made him believe that the proof would justify submitting plaintiff's cause to a jury, but, because of failure in a procedural step, the plaintiff would never get to submit it unless the voluntary nonsuit was granted. In order to prevent this result, the court's discretion to grant the voluntary nonsuit was exercised. We think this to be proper.

Affirmed.