Argued and submitted April 18, reversed and remanded September 21, 1983

# FILTER,
*Appellant,*

*v.*

# CITY OF VERNONIA et al,
*Respondents.*

## (26546; CA A24250)

669 P2d 350

Stephen R. Frank, Portland, argued the cause for appellant. With him on the briefs was Tooze, Kerr, Marshall & Shenker, Portland.

John B. Lewis, Hillsboro, argued the cause for respondents. With him on the brief was Frost, Hall & Lewis, Hillsboro.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a wrongful discharge case in which plaintiff, a former jail matron for defendant city, seeks reinstatement, back pay and benefits, damages and attorney fees. Trial was to a jury, which answered four special interrogatories. The trial court supplemented the jury's answers to two of the interrogatories with further factual determinations of its own and then entered judgment for defendants. Plaintiff appeals, assigning as error, *inter alia,* the trial court's actions concerning the interrogatories. We reverse.

Plaintiff worked for the City of Vernonia Police Department as a clerk/matron for over two years from early 1977 through September, 1979. Then Chief of Police Upham originally hired her as a CETA employe; after a few months she was transferred to the regular city payroll. Apparently as a result of a dispute over her job duties, defendant McLaughlin, who had replaced Upham as chief of police, terminated her employment on September 21, 1979. She did not receive a pre-termination hearing or statement of reasons and, despite her request, there was no post-termination hearing. Plaintiff insisted that she was entitled to these procedural protections pursuant to a police department manual that she received from Upham at the time he hired her. The city denied that it had approved the manual until a month before the trial of this case and denied that Upham had the authority to give it to her or to tell her to rely on it.

Before the trial, the parties agreed to limit the jury's consideration to whether the manual was binding on the city as part of plaintiff's employment contract, leaving construction of its terms and the damage issues for the court.[1] They also agreed to resolve factual disputes by presenting the jury with four interrogatories.[2] They designed the questions so that

---

[1] There is some dispute over what issues would remain for the court's decision given the stipulation. We do not need to resolve that question on appeal.

[2] The questions were:

"1. Did the City Council for the City of Vernonia adopt the Police Department manual prior to September 21, 1979?

"2. Did Chief Upham represent to Susan Filter that the Police Department manual embodied the operating rules and procedures of the Department and governed her employment relationship with the City?

the answers would determine whether plaintiff had successfully proved one or more of her theories of the city's liability. Each question represented part or all of one of plaintiff's three theories: that the city had adopted the manual, that Upham had actual authority to present it to plaintiff and to tell her to rely on it and that Upham had apparent authority to do so. The parties apparently agree that, if the manual was effective, plaintiff was wrongfully discharged.

The first question resolved plaintiff's theory that the city had, in fact, adopted the manual. The jury answered it negatively. The second question was preliminary to the third and fourth. It was to determine whether Chief Upham actually had represented to plaintiff that the manual governed plaintiff's relationship with the city. The jury answered it affirmatively. The third and fourth questions were to determine whether Upham had actual authority (question 3) or apparent authority (question 4) for the representations which the jury in its answer to the second question found that he had made. The jury answered the third question, concerning actual authority, negatively and the fourth question, concerning apparent authority, positively. It thus appeared to hold the city bound to the manual's provisions by the doctrine of apparent authority.

After the verdict, defendants' attorney and the court questioned whether the fourth question in fact adequately presented the issue of apparent authority, particularly as against a municipality. Eight months after the trial, the court decided that the fourth question was inadequate. It prepared two new questions which, it believed, should have been submitted to the jury. Then, relying on the stipulation that it could decide all issues remaining after the verdict, it answered its two new questions negatively.[3] As a result, it held that Upham did not

---

"3. Was Chief Upham, in issuing the Police Department manual, acting within his scope of employment and authority granted to him by the City Council?

"4. Did Plaintiff reasonably believe that Chief Upham had the authority to issue the Police Department manual and did she reasonably rely upon that belief?"

[3] The questions, as renumbered by the trial judge after eliminating former question 4, were:

have apparent authority for his representations and entered judgment for defendants.

■ Apparent authority is a rule of agency law by which a principal may become liable for the acts of an agent even if those acts are outside the scope of the agent's actual authority. The principal will be liable if, by words or conduct, it has led third parties reasonably to believe that the agent has authority or if the principal consents to the agent's actions and if the third party actually believes that the agent is authorized to act as the agent acts. The principal may place the agent in a position giving rise to apparent authority in a number of ways; one is by appointing the agent to a managing position. A managing agent is presumed to have the authority to do those acts which managing agents normally do, unless the principal has by some action given notice to third parties of the limitations on the agent's authority. Restatement (Second) Agency § 8, comment c, 27, 159.

■ In order for plaintiff to be entitled contractually to rely on the manual which Upham gave her under the doctrine of apparent authority, she had to show that (1) there was a representation by Upham that the manual was effective, (2) the representation was made in his official capacity as chief of police, (3) the city by some conduct led her to believe that Upham was authorized to make the representations which he made, (4) it was reasonable for her to rely on Upham's representations and (5) she actually relied on them. By its answer to question number 2 the jury found elements 1 and 2; by its answer to question number 4 it found elements 4 and 5. The question is whether the jury also found element 3, either explicitly or implicitly. If it did, the manual was effective as to plaintiff, and there was nothing left for the court to do.

The trial in this case was unusual in its limitation of the jury to four specific questions while it heard evidence on a great range of matters, many of them having questionable relevance to what the jury was to decide. It was thus difficult to

---

"4. By reason of the actions of the City Council of the City of Vernonia or by reason of the inaction of the City Council, did Plaintiff reasonably believe that Chief Upham had the authority to issue the Police Department manual?

"5. Did plaintiff by her association or knowledge of the affairs of the City of Vernonia or lack of knowledge of the affairs of the City of Vernonia, reasonably rely upon a belief that Chief Upham had the authority to issue the Police Department manual?"

focus the jury's attention on exactly what was relevant. However, plaintiff's evidence and argument were directed to her theories of the city's liability, and the court's instructions discussed each of them. The questions thereby took on more meaning than their literal language might imply; question 4 stood, in a shorthand way, for the issue of apparent authority. Counsel for both sides recognized before trial that the question might not be a perfect statement but agreed that it would present the issue to the jury.

■ The court in its instructions expanded on the question and made it clear that a positive answer required conduct by the city giving Upham apparent authority. It told the jury that the city would be bound by Upham's actions if he were acting within his actual authority "or *if there was conduct by the city which when reasonably interpreted caused Susan Filter to believe that the city consented to Chief Upham's act for the city,* and if plaintiff, Susan Filter, further reasonably relied on that belief." (Emphasis supplied.) Under that instruction, the jury could have answered question 4 "yes," thus finding that plaintiff reasonably believed that Upham had the authority to issue the manual, only if it also found that there was conduct by the city which caused her to have that belief in his authority. The jury's answer to question 4 therefore implicity found the third element of apparent authority.

We hold that the jury's answers to the original interrogatories, in the context of the court's instructions and the trial as a whole, adequately resolved the issue of apparent authority and there was no need for the court's additional questions. We therefore reverse and remand for the court to resolve the remaining issues of whether the city violated plaintiff's rights under the manual and, if so, what her damages are. *Yartzoff v. Democrat-Herald Publishing Co.,* 281 Or 651, 576 P2d 356 (1978). We need not decide whether its action in drafting two new questions and answering them would otherwise have been proper.

Reversed and remanded for further proceedings.