Submitted on record and briefs September 28, 1988, affirmed in part; judgment otherwise vacated and remanded with instructions June 28, 1989

## CREAGER,
*Appellant,*

*v.*

## BERGER,
*Respondent.*

## (A8507-04706; CA A44989)
775 P2d 918

J. Patrick O'Malley and Delo, O'Malley & Stamm, Portland, filed the briefs for appellant.

Catherine M. Carroll, Portland, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff brought this action to recover money that he lost in a business venture. He alleges that he loaned defendant $25,000 and that defendant failed to repay him; alternatively, he claims that, if the money defendant obtained from him is characterized as an investment, it constituted a security under the Oregon Securities Law, ORS 59.005 to ORS 59.370, ORS 59.991 and ORS 59.995, and that defendant is liable under the registration and anti-fraud provisions of that law. He also alleges that, regardless of how it is characterized, the transaction operated as a fraud against him and that defendant should be required to return the money.

Plaintiff timely requested special findings of fact and conclusions of law pursuant to ORCP 62. The trial court found for defendant on all claims. Defendant submitted proposed findings, to which plaintiff objected as being insufficient to support the judgment and submitted his own proposed findings. The trial judge adopted defendant's proposed findings and conclusions. Plaintiff's principal contention is that the judgment must be reversed, because the findings are insufficient to support the court's conclusion. With respect to all but the first claim, we agree and reverse in part and remand for additional findings.

1. First, we address the adequacy of the findings. Plaintiff's first claim is that he had loaned defendant $25,000. Defendant answered that the payment was an investment in a business venture, not a loan. The trial court found that plaintiff had transferred the money to defendant for the purpose of having defendant buy shrimp in Mexico and resell it at a profit in Oregon and that defendant expected to share in the profits from the venture. Those findings support the court's conclusion that the transaction was an investment, not a loan. (Other assignments relating to the first claim are discussed *infra.*)

Plaintiff's second claim is that defendant committed securities fraud, ORS 59.135, and the third claim is that he violated the registration requirements of the Oregon Securities Law. ORS 59.055. The only findings as to those two claims are that the transaction was an isolated one, that defendant truly represented that he would purchase shrimp

with the money that he acquired from plaintiff and that defendant did oversee the transaction.

**2.** With respect to the securities fraud claim, it is irrelevant whether the alleged fraudulent investment was an isolated transaction. *Pratt v. Kross,* 276 Or 483, 555 P2d 765 (1976). Furthermore, plaintiff alleged three different sets of factual misrepresentations and five omissions of material facts. The court's findings address only one of the allegations of misrepresentation and none of the omissions. It is necessary, therefore, to reverse the judgment insofar as it dismisses all of the securities fraud allegations, except for the one dealt with in the trial court's findings, and to remand for additional findings. *Briscoe v. Pittman,* 268 Or 604, 608, 522 P2d 886 (1974).

**3.** Although it is true that an isolated transaction is exempt from the registration requirements of the Oregon Securities Law, ORS 59.035(2), the court's "finding" to that effect is really a legal conclusion for which the court made no supporting findings. There is conflicting evidence regarding the number of solicitations that defendant made, and solicitations are included in the definition of "sale." ORS 59.015(11). Up to two "sales" may constitute "isolated transactions." *Tarsia v. Nick's Laundry Co.,* 239 Or 562, 399 P2d 28 (1965). The court, therefore, must make specific findings to determine whether the sale to plaintiff was or was not an isolated transaction. Accordingly, we reverse and remand that portion of the judgment as well.

**4.** Plaintiff's fourth claim for relief is for common law fraud. He alleges the same misrepresentations and omissions that he alleged in his securities fraud claim. The trial court made no findings other than those applicable to the two alleged misrepresentations addressed to the second claim. Accordingly, we reverse and remand for additional findings on plaintiff's fourth claim.

**5, 6.** Defendant argues that plaintiff cannot now challenge the court's findings of fact, because he had his chance to, and did, submit his own findings, which defendant asserts were wrong. Plaintiff duly objected to defendant's proposed findings and pointed out their inadequacies. The trial court is not required to accept one or the other proposed sets of findings in whole, although it may use proposed findings as guidance in

making its own findings. The trial court has the ultimate responsibility for making findings. Defendant's contention is without merit.

7.    Because plaintiff's first claim, which is for money had and received and assumes that the transaction was a loan, need not be remanded for further findings, we will address plaintiff's other assignments of error regarding it. He contends that a statement made by defendant during cross-examination constituted a binding judicial admission that the transaction was a loan. After testifying extensively that the transaction was envisioned as the first step in the creation of a business entity to be operated by both plaintiff and defendant, plaintiff's counsel queried: "So, Mr. Creager, in effect, made a $25,000 loan to this business relationship that you were proposing?" Defendant answered: "Yes, evidently he did loan the company $25,000." Plaintiff was to own 50 percent of the company that defendant referred to, and defendant testified that the money was to be repaid from the proceeds of the shrimp deal, with half of the profit, as well, going to plaintiff. The company was never formed. Taken in context, we believe that the statement is too ambiguous to constitute a binding admission by defendant that the money received was a personal loan from plaintiff to be repaid unconditionally, although it may be probative of that fact.

8.    Plaintiff contends that the trial court erred in concluding that the transaction constituted an investment, rather than a loan. In this action at law, *Hogan v. Alum. Lock Shingle Corp.*, 214 Or 218, 329 P2d 271 (1958), the judge's factual finding is equivalent to a jury verdict and cannot be set aside if it is supported by any evidence. *Illingworth v. Bushong*, 297 Or 675, 694, 688 P2d 379 (1984). There was evidence to support the judge's finding that the transaction was an investment and not a loan. Therefore, we affirm on that claim.

Affirmed as to first claim; judgment otherwise vacated and remanded with instructions to make adequate findings and enter a new judgment.