Argued and submitted May 3, affirmed September 1, 1993

William F. HOLDNER,
*Appellant,*

*v.*

COLUMBIA COUNTY,
a political subdivision,
*Respondent.*

(89-21-75; CA A74899)

858 P2d 901

Michael J. Morris, Portland, argued the cause for appellant. With him on the briefs was Bennett & Hartman, Portland.

Thomas W. Sondag, Portland, argued the cause for respondent. With him on the brief were Michael J. Lilly and Lane, Powell, Spears, Lubersky, Portland.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff brought this action for breach of contract and inverse condemnation. The trial court granted defendant's motion for summary judgment on the breach of contract claim. ORCP 47. At trial, it held for defendant on the inverse condemnation claim. We affirm.

Plaintiff's first assignment of error is directed at the trial court's ruling regarding the inverse condemnation claim. Plaintiff owns land adjacent to Dutch Canyon Road. In 1986, a landslide caused a portion of the road to slide onto his property. Before reconstruction began, defendant initiated legalization proceedings pursuant to ORS 368.201[1] for a 60 foot right of way. Plaintiff objected on the ground that the road was 40 feet wide when it was created and that a road 60 feet wide would result in a taking of his property. After a hearing, the Board of County Commissioners held that the road was 60 feet wide before the landslide and that, therefore, there was no taking of plaintiff's property. Plaintiff did not seek review of the Board's ruling, but filed this action instead.[2]

■ ■ We will affirm the court's ruling if there is any evidence to support its factual finding about the width of the road. *See Illingworth v. Bushong*, 297 Or 675, 694, 688 P2d 379 (1984); *Creager v. Berger*, 97 Or App 338, 342, 775 P2d

---

[1] ORS 368.201 provides:

"A county governing body may initiate proceedings to legalize a county road under ORS 368.201 to 368.221 if any of the following conditions exist:

"(1) If, through omission or defect, doubt exists as to the legal establishment or evidence of establishment of a public road.

"(2) If the location of the road cannot be accurately determined due to:

"(a) Numerous alterations of the road;

"(b) A defective survey of the road or adjacent property; or

"(c) Loss or destruction of the original survey of the road.

"(3) If the road as traveled and used for 10 years or more does not conform to the location of a road described in the county records."

[2] Defendant cross-assigns as error the trial court's denial of its motion to dismiss plaintiff's claim on the basis that plaintiff is precluded from bringing this claim because he could have petitioned for a writ of review of the Board's decision. Defendant says that its cross-assignment is "conditional" and to be considered only if we reverse on appeal. Because we affirm on appeal, we do not decide whether plaintiff was precluded from bringing this claim by his failure to petition for a writ of review of the Board's decision.

918 (1989). Defendant introduced evidence of a 1971 survey, which located monuments at the center of the road and 30 feet from the center line. In further support of its position, it introduced tax assessor's maps and expert testimony that said that, based on the "cut" into the hillside, the road was 60 feet wide. Plaintiff's evidence was that older records show that the roadway was 40 feet wide when it was opened. Because there is evidence to support the finding that the right of way was 60 feet before the landslide, we affirm the trial court's holding that the legalization process did not result in a taking of plaintiff's property.

Plaintiff argues in his second assignment of error that the trial court erred when it held that defendant was entitled to summary judgment on plaintiff's claim for breach of contract. We review the evidence in the light most favorable to plaintiff to determine whether defendant was entitled to a judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). The summary judgment record shows that, in anticipation of the reconstruction of the road, County Commissioner Peterson, who was in charge of public works, went to plaintiff and asked him if the county could use plaintiff's private road to gain access to the construction site. When plaintiff expressed concern about the potential damage that heavy equipment could cause his road, Peterson reassured him that defendant would use only light equipment, and that it would reimburse him for any damages caused by the use of the road. Relying on those statements, plaintiff gave defendant permission to use his road.

During the construction project, defendant transported heavy equipment over plaintiff's road. As a result, a culvert was crushed, and plaintiff's property was flooded. Plaintiff argues that the trial court erred in granting defendant's summary judgment motion, because there are genuine issues of material fact concerning whether Peterson had apparent authority to bind defendant and whether defendant was estopped from denying its liability under the contract.

Under the doctrine of apparent authority, a principal can become liable for the acts of an agent even if those acts are outside the scope of the agent's actual authority. *Filter v. City*

*of Vernonia,* 64 Or App 559, 563, 669 P2d 350 (1983). However, when the principal is a municipality, it will be bound only if

> "(a) the municipality clothes the agent with apparent authority, (b) the promise is one which the municipality could lawfully make and perform, (c) there is no statute, charter, ordinance, administrative rule, or public record that puts the agent's act beyond his authority, (d) *the person asserting the authority has no reason to know of the want of actual authority,* and (e) the municipality has accepted and retained the benefit received by the municipality in return for the promise." *Wiggins v. Barrett & Associates, Inc.,* 295 Or 679, 683, 669 P2d 1132 (1983). (Emphasis supplied.)

ORS 203.240(1)(b) provides:

> "Unless provided otherwise by county charter or ordinance, [a board of county commissioners shall] consist of three county commissioners. A *majority* of the board *is required* to transact county business." (Emphasis supplied.)

Plaintiff is charged with knowing the limitation of ORS 203.240(1)(b) on Peterson's authority. *See Forrester v. City of Hillsboro,* 156 Or 89, 91, 66 P2d 496 (1937). As the Supreme Court said in *Foster v. Lake County,* 132 Or 374, 376-77, 284 P 830 (1930):

> "It is undoubtedly true that in transacting the business of a county, the county court, which in this state consists of three members, must act as a body and that one member thereof is without power to bind the county and, hence, a contract signed and assented to by [one member] alone, unless previously authorized or subsequently ratified or acquiesced in by the county court acting as a body, would be invalid."

The trial court did not err in rejecting plaintiff's theory of apparent authority.

Next, plaintiff argues that defendant is estopped from denying liability for Peterson's promise. In this context, there is no distinction between apparent authority and estoppel:

> "[B]oth doctrines are employed to prevent one from proving an important fact to be something other than what by act or omission he has led another party *justifiably to believe.* Both doctrines rest upon principles of good faith and honesty and

the notion that one should not be able to take advantage of the falsity of what he has led another to believe to be true. There is really no practical difference between application of one doctrine or another to hold a principal liable for the promise of the agent." *Wiggins v. Barrett & Associates, Inc., supra,* 295 Or at 689. (Emphasis supplied.)

■■ Plaintiff's belief that Peterson could bind defendant is not reasonable in the light of his constructive knowledge of ORS 203.240(1)(b). Persons dealing with agents of a municipality must, at their peril, ascertain the scope of the agent's authority. *See City of Molalla v. Coover et ux.,* 192 Or 233, 251, 235 P2d 142 (1951); *Baker v. Deschutes County,* 10 Or App 236, 240, 498 P2d 803 (1972). Moreover, estoppel cannot arise from an action of a county official "who purports to waive the provisions of a mandatory ordinance or otherwise exceeds his authority." *Bankus v. City of Brookings,* 252 Or 257, 260, 449 P2d 646 (1969). The trial court did not err in rejecting plaintiff's estoppel argument.[3]

Affirmed.

---

[3] In his memorandum in opposition to defendant's summary judgment motion, plaintiff argued that defendant ratified Peterson's promise. However, he does not make that argument on appeal and, therefore, we do not address it.